THE STATE OF KANSAS v. W. H. WHITMORE.

LIBEL — *Prosecution* — *Province of Jury* — *Questions of Law.* On the trial of a criminal prosecution for libel, the jury, after having received the direction of the court, have the right to determine at their discretion the law and the fact. (Gen. Stat. of 1889, ¶ 2449.) And counsel has the right to fairly argue his theory of the law of the case to the jury, (*The State v. Verry,* 36 Kas. 416,) and in the course of his argument may read from law books recognized as authorities bearing upon the case; and it is error for the court to deny this right.

*Appeal from Osborne District Court.*

WHITMORE was convicted of libel. He appeals. The opinion states the facts.

*Robinson & McBride,* for appellant:

The court erred: (1) In taking from the jury the question of malice, and in instructing them that if defendant published the matter set out it was libelous *per se.* In this there was material error. *Harrington v. Miles,* 11 Kas. 480; *The State v. Mayberry,* 33 id. 441; *Haag v. Cooley,* 33 id. 387; *The State v. Brady,* 44 id. 435; *The State v. Wait,* 44 id. 310; *Klewin v. Bauman,* 10 N. W. Rep. 398; *West v. Hanrahan,* 10 id. 415; *Schmidt v. Witherick,* 12 id. 448; *Stroebel v. Wheney,* 18 id. 98; *Casselman v. Winship,* 19 id. 412; *Funk v. Beverly,* 13 N. E. Rep. 573. (2) In telling the jury that "no person has a right to publish . . . of and concerning a man of bad reputation an exaggerated statement, more odious than the truth will warrant, of his standing in the community," etc. This portion of the general charge of the court would naturally be understood by a jury as saying to them, independent of the evidence, that the publication was measurably proper, but that it went further than the facts warranted. (3) In telling the jury that they were not compelled "to accept these instructions as the absolute law of the case," and then adding, "but you are not at liberty to disregard what you conscientiously believe to be the law," etc.; as the word "absolutely"

implied that they must practically follow the instructions given, and it gave the counsel for the state, in closing, an undue opportunity to press this construction as being the court's views.

Another material error very prejudical to defendant's rights was the court's refusing to allow defendant's counsel to properly enlighten the jury as to the law of the case under defendant's views. The authorities attempted to be cited to the jury, and to which citing and reading from, the court sustained state's objections, are as follows: *Street Rly. Co. v. Rheiner,* 12 N. W. Rep. 449; *Funk v. Beverly,* 13 N. E. Rep. 573; *Dufresne v. Weise,* 1 N. W. Rep. 59; *Geary v. Bennett,* 10 id. 602; *Stroebel v. Wheney,* 18 id. 98.

*John T. Little,* attorney general, and *M. E. Smith,* county attorney, for The State:

The article in question is libelous *per se,* and it is not necessary to prove express malice. Gen. Stat. of 1889, § 304, "Crimes and Punishments;" *Castle v. Houston,* 19 Kas. 417; *Hetherington v. Sterry,* 28 id. 429; *The State v. Mayberry,* 33 id. 441; *Stith v. Fullinwider,* 40 id. 75; *The State v. Wait,* 44 id. 310, 317; *The State v. Brady,* 44 id. 435; *The State v. Clyne,* 35 Pac. Rep. (Kas.) 789.

There certainly was no error in instructing the jury that "no person has a right to publish of and concerning a man of bad reputation an exaggerated statement, more odious than the truth will warrant, of his standing in the community, calculated to still further lower him in the estimation of the community, if in fact the publication is more odious than the fact will warrant." As the evidence is not included in the bill of exceptions, this court cannot say but that there was some evidence of defendant to the effect that Day, the complaining witness, had a bad reputation. Outside of the evidence, the defendant cannot complain, for it is in his favor.

The court directed the jury as to what the court thought was the law of the case, and further instructed the jury that they had the right to determine, at their discretion, the law

as well as the facts. To leave out the word "absolutely," would be to say to the jury "that the instructions given you are not the law of the case at all." But the court in the same sentence instructed the jury that the instructions given were "only advisory upon the part of the court." The whole of the instructions should be considered and construed together. *Castle v. Houston*, 19 Kas. 417; *The State v. Morrison*, 46 id. 679.

A distinction has long been known and recognized between libel and slander. In slander, words, to be actionable *per se*, must charge a crime involving moral turpitude. 13 Am. & Eng. Encyc. of Law, 296; *Haag v. Cooley*, 33 Kas. 387; *Henicke v. Griffith*, 29 id. 516; *Miles v. Harrington*, 8 id. 429; *Harrington v. Miles*, 11 id. 483. The argument must, of course, be confined to the issues of the case. *The State v. Verry*, 36 Kas. 420; *The State v. Wait*, 44 id. 310.

The opinion of the court was delivered by

ALLEN, J.: This was a criminal prosecution for libel. The defendant was convicted and sentenced, and appeals to this court. Only the last allegation of error need be considered. Section 309 of the code, concerning crimes and punishments, reads as follows:

" In all indictments or prosecutions for libel, the jury, after having received the direction of the court, shall have the right to determine, at their discretion, the law and the fact."

In arguing the case to the jury, counsel for the defendant attempted to read from and comment upon certain authorities bearing on the law applicable to cases of libel and slander. The prosecution objected, and the court sustained the objection. The contention of the state is, that the authorities sought to be read related to actions of slander, and were therefore foreign to the issues in this case, because the rule as to what words are libelous and what slanderous is different. One of the cases from which defendant's counsel attempted to read, *Funk v. Beverly*, 13 N. E. Rep. (Ind.) 573, was a civil action to recover damages both for slander and libel, and we

are unable to perceive any good reason why it would not be an authority that might be properly presented to a court. Libel and slander are in substance much the same, though it is true that the rules of law applicable to a criminal prosecution for libel and to a civil action to recover damages for slander are not in all respects the same; yet the subjects are not so foreign to each other that a case with reference to slander can be said to be utterly foreign to the subject of a prosecution for libel. In the case of *The State v. Verry*, 36 Kas. 416, it was held that the court erred in refusing to permit counsel for the defendant to address the jury upon the questions of law involved in the case, unless the argument coincided strictly with the law as stated by the court in its instructions, and that counsel for the defendant had a right to present and press upon the jury views and interpretations of the law at variance with those stated by the court. That case settles the question as to the right of counsel to discuss the law freely, subject, of course, to the supervision of the court and such restrictions as are clearly necessary and proper.

In this case we have only one further question, namely, whether, in discussing the law, counsel may read from authorities of recognized weight. The jury having been constituted a tribunal, not only for the determination of questions of fact, but of law as well, it would be a very strange rule that would deprive them of the advantage of the reasoning of courts and of law writers to enlighten their judgment. It would be indeed strange if courts composed of men specially trained and educated to a knowledge of the law should at all times be entitled to be aided by the books, yet juries, having no such advantages, should be denied the light they afford. In Thompson on Trials (§ 945) it is said:

"If the right exists to argue the law of the case to the jury, it must follow that the right exists to read books of the law to them, as authority and for illustration, in like manner as counsel would do in arguing the law to the court. This right has accordingly been upheld in those jurisdictions where the right to argue the law to the jury exists; those courts

holding that a substantial denial or deprivation of it is error for which a new trial will be granted."

In support of this proposition, the following cases are cited by the author: *Commonwealth v. Austin*, 7 Gray (Mass.), 51; *Jones v. The State*, 65 Ga. 506; *Johnson v. The State*, 59 id. 142; *Lynch v. The State*, 9 Ind. 541; *Harvey v. The State*, 40 id. 516; *Stout v. The State*, 96 id. 407. In other states, it is said that the matter is largely within the discretion of trial courts. Texas cases only are cited in support of this proposition. The court may restrict the arguments, not only by prescribing a limit as to the time to be consumed, but may prevent the reading of matters wholly foreign to the issue on trial, yet it may not strictly confine counsel to authorities in line with the court's instructions. Unless some latitude is allowed, the right to argue law questions to the jury becomes a barren privilege. We think it was substantial error to deny counsel the right to read from the cases mentioned to the jury.

The judgment is reversed and a new trial ordered.

All the Justices concurring.