# CHARLESTON.

## STATE v. DICKEY.

### Decided December 1, 1900.

1. MANSLAUGHTER—*Self Defense.*
   Manslaughter and self-defense; instructions.  (p. 326).
2. SECOND TRIAL—*Opinion of Court—Former Trial.*
   On a second criminal trial, the accused has no right to have read to the jury an extract from an opinion of this Court on a former writ of error in the case commenting on the weight and effect of the eviuence given on a former trial, though it be the same evidence on the second trial.  (p. 327).
3. JURY NOT JUDGE OF LAW.
   The jury in a criminal case is not the judge of the law, contrary to the instructions of the court, but must follow the instructions of the court upon the law.  (pp. 327, 332).
4. HOMICIDE—*Manslaughter—Self Defense—Fact for Jury.*
   Whether a homicide is voluntary manslaughter or homicide in self-defense is a question of fact for the jury upon the evidence.  (p. 335).

Error to Circuit Court, Braxton County.

John Dickey was convicted of manslaughter, and he brings error.

*Affirmed.*

LINN & BYRNE, for plaintiff in error.

EDGAR P. RUCKER, ATTY. GEN., and HINES & KELLEY, for the State.

BRANNON, JUDGE:

Dickey was tried in the circuit court of Braxton County for the murder of Tanner, convicted of voluntary manslaughter and

sentenced therefor; but the judgment was reversed by this Court. 46 W. Va. 319. Upon a second trial the jury again convicted Dickey of voluntary manslaughter, and the court sentenced him to the penitentiary, and he has sued out this writ of error.

Dickey complains that the court erred in giving instructions. Those instructions are as follows: No. 3. "The court instructs the jury that where there is a quarrel between two persons and both are in fault, and a combat as a result of that quarrel takes place, and death ensues, in order to reduce the offense to killing in self-defense two things must appear from the evidence and circumstanmes of the case—First, that before the mortal blow was given the prisoner declined further combat and retreated as far as he could with safety; and, secondly, that he necessarily killed the deceased in order to save his own life, or protect himself from great bodily harm."

No. 4. "The court instructs the jury that they are the sole judges of the evidence, and that they may believe or refuse to believe any witness, and that when passing upon the credibility of any witness they may rightly take into consideration his interest in the matter in controversy and his demeanor upon the witness stand."

No. 5. "The court instructs the jury that a reasonable doubt is not a vague or uncertain doubt, and that what the jury believes from the evidence as men they should believe as jurors."

No. 6. "The court instructs the jury that a man is presumed to intend that which he does or which is the immediate or necessary consequence of his act."

No. 7. "The court instructs the jury that voluntary manslaughter is where the act causing death is committed in the heat of sudden passion caused by provocation. And they are further instructed that if they believe from the evidence that the defendant in the heat of sudden passion caused by provocation killed James Tanner at the time and place alleged in the indictment, they should find the defendant guilty of voluntary manslaughter, unless they further believe from the evidence that the defendant believed, and had reason to believe, that the blow which resulted in Tanner's death was necessary to protect his own life or protect himself from great bodily harm, and that the necessity of inflicting said blow was not brought about by the defendant's own conduct."

The court gave an instruction marked "A" as qualifying in-

struction No. 5, as follows: A. "The court instructs the jury, that notwithstanding the instruction given at the instance of the State, that a juror is not at liberty to doubt as a juror and believe as a man, yet if upon the evidence in this case such a doubt is raised as would cause a juror to hesitate and to refrain from acting were it a grave business matter, then such doubt is a reasonable doubt, and such juror should give the defendent the benefit of that doubt."

I am unable to see any defects in these instructions.

Another assignment of error is that the court refused to allow counsel for Dickey, in his address to the jury, to read certain paragraphs from the opinion in this Court in its former decision touching instructions Nos. 1 and 6 given on the former trial, the matter· so sought to be read commencing with the words, "It is next claimed that the court. erred in giving, at the instance of the State, instruction No. 1," and closing with the words, "If not it was error to assume the fact and incorporate it in the instructions before the jury had an opportunity of passing on the question," which matter will be found in 46 W. Va. pages 321-2-3, and 33 S. E. 232. As I understand the law of this State a jury, in a criminal case, is the judge of both law and fact, but only in the sense that it may, even contrary to the instructions of the court upon the law, acquit; for if it convicts contrary to the law, its verdict may be set aside by the court; and therefore it should receive the law as expounded by the court, even in a criminal case, and follow it. But I am not to be understood as saying that a prisoner has not the right to have his counsel read sound law to the jury. Has he a right to have read to the jury any law his counsel may choose, though it be unsound law? I would say not. In some states, where the rule is that the jury is judge of law and fact, he has such right. He has no right to argue against instructions of the court. *Davenport* v. *Com.*, 1 Leigh 588; *Dejarnetle* v. *Commonwealth*, 75 Va. 867. But the question whether the prisoner has right to read any law, good or bad, is not involved in the case. Touching the subject see 2 Ency. Pl. & Prac. 709; *Gregory* v. *Ohio River R. R. Co.*, 37 W. Va. 606; *Bloyd* v. *Pollock*, 27 *Id.* 75; *Dejarnette* v. *Commonwealth*, 75 Va. 867; *Brown* v. *Commonwealth*, 86 Va. 466, the last case denying that the jury in a criminal case is the judge of the law; I Bishop, Crim. Proced. s. 984; *Doss Case*, 1 Grat. 559; *Hurst Case*, 11 W. Va. 77. I have said that the case

does not involve purely the question whether the accused had right to have read law to the jury. The matter of the opinion of this Court which the counsel proposed to read was not matter of law. It was a comment upon the evidence, its weight and the inferences therefrom to show the impropriety of instructions Nos. 1 and 6 then under consideration by the judge who delivered the opinion, and whatever that judge or the members of this Court thought was the proper weight of the evidence, or what deductions should be made therefrom, could not influence the jury on the second trial in weighing the evidence, for the plain reason that the jury on the second trial was uncontrollably the judge of the evidence, its weight, its credit and the proper inferences therefrom, uninfluenced wholly by any opinion on such evidence by this or the circuit court. The said opinion was dealing with that evidence in so far as it touched upon the instructions then before this Court; but that comment on the evidence before the jury on the second trial was not admissible, because if of any effect on the jury, it would deprive the parties of their absolute right, under the Constitution and law, to have the jury pass its own unbiased judgment upon the evidence. We all know that in this State, the trial court must absolutely refrain from expressing or indicating any opinion upon the evidence, and it thence follows, for a stronger reason, that the opinion of this Court on the evidence given on a former trial was inadmissible. 19 Am. & Eng. Ency. L. (1 Ed.) 622. The opinion was not intended to give the weight of the evidence for use on a future trial before a jury, but only to guide the court on a future trial as to the instructions, which the judge, delivering that opinion, was discussing. The opinion near its close repudiates the idea that in what was said as to evidence it should affect a future trial. Though counsel for the accused stated that he did not propose to use that opinion for the purpose of influencing the jury in weighing the evidence, yet if it had any weight or effect with the jury, it could only have weight upon that evidence, since it was not a discussion of abstract principles of law, or the law of the case separated from that evidence. The jury could not discriminate. Very plainly it tended to lead the jury to a certain conclusion upon the weight of the evidence, and would thus trench upon the province of the jury.

Another reason against reading that matter of the opinion is, that it bore upon instructions condemned by this Court, and

not before the jury on the second trial, and therefore those instructions and their discussion by this Court were irrelevant to the matter before the jury.

Another consideration against treating this matter as evidence is, that any legal principle which may be claimed as contained in the part of the opinion proposed to be read to the jury was inseparably combined with the discussion of the weight of the evidence, and for that reason should not have been presented in that form to the jury. If the accused desired such legal principles presented to the jury, his proper course was to embody them in an instruction; but he did not do so.

The question whether a jury is judge of the law in criminal cases was not necessary for the decision of the case, though germane to the case; but feeling an interest in the question, I have carefully examined it, and I am of the opinion, that although bench and bar have to some extent accepted it as true in the Virginias, that the jury is the judge of law in criminal cases, with full right to differ from the court, to overrule the court, to disregard its instructions and, under legitimate jury powers, to ignore the actual instructions of the court, the position is wholly untenable, not consistent with common law and unsustained by the law in either of the Virginias. I might write at length upon the subject, but as able discussions thereon are accessible to bench and bar, I deem it unnecessary to do so. First I will assert that the proposition is not sustained by the decisions of either of the Virginias. In the General Court of Virginia in *Doss' Case,* 1 Grat. 557, there is a passing expression, only that, in the opinion saying, "The jury in a criminal cause are the judges of the law and the evidence." In *State* v. *Hurst,* 11 W. Va. 77, is another expression, "In a civil case, the jury must receive the law from the court if it is given; in a criminal case, the jury are judges of the law as well as of the fact." I have not met with any other authorities for the prevalence of the widespread opinion of which I speak in the Virginias. The Virginia court of appeals has explicitly declared that, "In criminal cases the jury are not the judges of the law." *Brown* v. *Commonwealth,* 86 W. Va. 466. In *State* v. *Burpee,* 65 Vt. 1, 36 Am. St. R. 775, 14 L. R. A. 145, this subject is discussed with great elaboration and learning and the holding is, "Jurors are not paramount judges of the law in criminal cases," and it is declared that the doctrine that the jury is the judge of the law is

contrary to the great weight of authority, at common law, tested by common law, in England and America. That case overruled several prior Vermont cases, and the opinion states that nearly all the older cases so holding have been overruled. The case so often referred to to maintain this erroneous doctrine, because of its able discussion, *State* v. *Croteau,* 23 Vt. 14, 54 Am. Dec. 90, has been overruled by the said case of *State* v. *Burpee.* The case of *Commonwealth* v. *McManus,* 143 Pa. St. 64, 14 L. R. A. 89, holds the modern rule, overruling *Kane* v. *Commonwealth,* 89 Pa. 522. See opinion of Judge Mitchell in that case, saying: "As already said, there is not a single respectable English authority for the doctrine in question, and against the foregoing solid phalanx of the best American judicial and professional opinion I have not been able to find a single well considered case, except *State* v. *Croteau,* which was by a divided court." The annotator of the Lawyers Reports Annotated, in note to *State* v. *Burpee,* 14 L. R. A. 145, calls the doctrine that juries in criminal cases are judges of the law a "ghost." Judge Cooley declares that it is against the great weight of authority. Cooley, Con. Lim. (6 Ed.) 396, citing many cases, also Whart. Crim. Pl. & Prac. s. 805, 1 Thompson on Trials, s. 942 says the same. The American & English Ency. Law (1 Ed.) Vol. 19, p. 613, says: "The prevailing doctrine, then, except in certain jurisdictions, is that, the province of the jury being only to determine questions of fact, they have no power to decide any question of law whatever arising in the course of a trial, and far less questions of constitutional law." Justice Story very well said in *U. S.* v. *Battiste,* 2 Sumner 243: "My opinion is that the jury are no more the judges of the law in a capital or other criminal case, upon the plea of not guilty, than they are in civil cases tried upon the general issue. In each of these cases their verdict, when general, is necessarily compounded of law and fact, and includes both. In each they must necessarily determine the law as well as the facts. In each they have the physical power to disregard the law, as laid down to them by the court. But I deny that, in any case, civil or criminal, they have the moral right to decide the law according to their own notions or pleasure. On the contrary, I hold it the most sacred constitutional right of every party accused of crime, that the jury should respond as to facts and the court as to the law. It is the duty of the court to instruct the jury as to the law, and

it is the duty of the jury to follow the law as laid down by the court. This is the right of every citizen and it is his only protection. If the jury were at liberty to settle the law for themselves, the effect would be, not only that the law itself would be most uncertain, from the different views which different juries might take of it; but in the case of error, there would be no remedy or redress by the injured party; for the court would not have any right to review the law as it had been settled by the jury. Indeed, it would be almost impracticable to ascertain what the law, as settled by the jury, actually was. On the contrary, if the court should err in laying down the law to the jury, there is adequate remedy for the injured party by a motion for a new trial or writ of error. Every person accused as a criminal has a right to be tried according to the law of the land, the fixed law of the land, and not by the law as a jury may understand it or choose, from wantonness or ignorance or accidental mistake, to interpret it. If I thought that the jury were the proper judges of the law in criminal cases, I should hold it my duty to abstain from the responsibility of stating the law to them upon any such trial." In *U. S.* v. *Greathouse,* 4 Sawy. 464, Justice Field said: "There prevails a very general, but erroneous opinion that in all criminal cases the jury are the judges as well of the law as of the facts,—that is, that they have the right to disregard the law as laid down by the court, and to follow their own notions on the subject. Such is not the right of the jury. They have the power, it is true, to disregard the instructions of the court, and in case of acquittal their decision will be final, for new trials are not granted in criminal cases where a verdict is passed in favor of the defendant; but they have no moral right to adopt their own views of the law. It is their duty to take the law from the court and apply it to the facts of the case. It is the province of the court, and of he court alone, to determine all questions of law arising in the progress of the trial; and it is the province of the jury to pass upon the evidence and determine all contested questions of fact." A strong statement to the same effect will be found in *Hamilton* v. *People,* 29 Mich. 173.

I understand Mr. Bishop to hold the same view. 1 Bishop Crim. Proced. s. 983. In New York some early decisions maintained this right of the jury to pass on the law, but in *Duffy* v. *People,* 26 N. Y. 588, this doctrine was repudiated by the

holding, in 1863, "The jury in criminal cases are bound by the instructions of the court as to the law to the same extent as in civil cases." In *Carpenter* v. *People,* 8 Barb. 608, it is said: "The idea that in criminal cases the jury are the judges of the law as well as of the facts is erroneous, not being founded upon principle or supported by authority." Proffatt on Jury Trials, commencing with section 373, discusses the subject at length and shows that at common law and in the great majority of the American states the doctrine, that the jury has the right to judge of the law, in disregard of the court's holding, is not sound. I might greatly multiply authorities to show this. 'Even in states where there is a provision by statute or constitution that the jury shall judge of the law and facts in criminal cases, it is held that such provision is only declaratory of pre-existing law, and that the jury must follow the law as expounded by the court. In Georgia it was formerly held that the jury should judge the law, but in *Brown* v. *State,* 40 Ga. 689, notwithstanding a statute provided that "the jury shall be judges of the law and the fact," the jury must follow the instructions of the court on the law. Such is the holding there. *Edwards* v. *State,* 53 Ga. 428; *Jackson* v. *State,* 91 *Id.* 271, (18 S. E. 298). In Massachusetts a statute provides that in criminal trials the jury, after receiving instructions from the court, shall "decide at their discretion, by a general verdict, both the fact and the law involved in the issue, or return a special verdict at their election." It has been held that under that statute there is no power, no rightful power, in the jury to determine the law against the instructions of the court. *Commonwealth* v. *Anthes,* 5 Gray 185, 303; *Com.* v. *Rock,* 10 Gray 4. The Maryland Constitution says that "in the trial of all criminal causes the juries shall be the judges of the law as well as of the facts," and it was held that the clause was merely declaratory of what already was the law, and did not alter the previous power of the courts and juries in criminal cases, and that counsel might be prevented from arguing as to the constitutionality of a law to the jury. *Franklin* v. *State,* 12 Md. 236.

I have above asserted that in Virginia there never was law adequate to sustain the proposition of the right of the jury to decide the law. In *Com.* v. *Garth,* 3 Leigh 761, it was regarded as an open question, as manifested by the *quaere* in the case. The eminent Judge Lee must have regarded it as unsettled, be-

cause in *Delaplain* v. *Crenshaw,* 15 Grat. 457, (pt. 12 syl.), he said: "In a civil suit (whatever may be the law in a criminal case), after the judge has given an instruction, the counsel should not be allowed to discuss the same matter which the court has already decided." But I have shown above that the Virginia courts decided that in criminal cases counsel should not argue contrary to the instructions of the court, and those decisions make it clear that the jury could not judge of the law in Virginia, contrary to the ruling of the court; for if so, how could the court prohibit a counsel from arguing against the instructions? It is the universal practice in Virginia for counsel to argue the law before the jury, using decisions and text books in so doing, and this practice has been so long established that it would be a great innovation to deny its continuance. Notwithstanding the sound law is, that the jury is not rightfully the judge of the law, contrary to the ruling of the court, in either of the Virginias, and therefore strictly speaking counsel might be prohibited from arguing the law, under the general rule that it is only where the jury is the judge of the law that counsel may argue the law, still the practice. in those states, firmly established, is to permit counsel to argue law from books before the jury, as is also the practice in Massachusetts and other states where the right of a jury to decide upon the law is denied. *Commonwealth* v. *Porter,* 10 Metc. 263. Generally the practice in this State is for counsel to argue the case in full before the jury, on law and fact, and afterwards for the court to instruct as to law. If, however, instructions are given prior to the argument, counsel for prisoner cannot argue against the instructions—cannot read authorities against them; and no matter when instructions are given, it is the obligatory duty of the jury to follow them. Of course, if no instructions are given, counsel may, under our practice, argue the law and the facts, with the right in the court to correct any misstatement of the law if the justice of the case should require; for we must remember that the State has rights as well as the accused, the right to have verdicts based on sound law. Whart. Crim. Pl. & Prac. s. 578. The rights of the accused are not alone to be considered. There would be an outburst of protest if a prosecuting attorney were to argue unsound law against the instructions of the court; but if the jury is the judge of the law, why should not this be tolerated? There are several reasons against the claim

that the jury is finally, and regardless of the instructions of the court, the judge of the law. 1. It would violate that basic maxim of centuries duration, consecrated by time and uniform usage, essential to the defense of life, liberty and property. *Ad quaestionem facti non respondent judices; ad quaestionem juris non respondent juratores;* to a question of fact judges do not respond; to a question of law jurors do not respond. 2. It is inconsistent with the Virginia holding that counsel shall not argue against the instructions of the court. Why not if the jury is rightfully to judge of the law? 3. It is logically incon- sistent with the rule everywhere prevalent that if a jury convict contrary to law, the courts will set aside the verdict. How can they do so if the juries are the judges of the law? If the jury acquit in violation of law, the public has no redress; but this is not because the jury is rightfully judge of the law, but because of the constitutional provision, that no man shall be twice put in jeopardy for the same act. 4. It would be inconsistent with the rule everywhere prevailing, that a jury cannot in either a civil or criminal case take any law books into the jury room. 19 Am. & Eng. Ency. L. (1 Ed.) 615. But if the jury is to judge of the law, why not let the jury have a library of law books? 5. There would be no certainty or stability in the law, as one jury would decide one way, another jury another, and generally there would be no redress for error. 6. Intelligent as jurors may be on general subjects, they are incompetent, from want of learning and training in the line of law, to assume the great responsibility of adjudging the law. 7. If the jury is to judge the law, why not also pass on the admissibility of evi- dence, it being with the jury to say whether certain evidence, under the law, shows a crime or not, or a defense or not? 8. The court in all other cases passes on the law, as in demurrers to pleadings and evidence, admission of pleadings, admission of evidence, special verdicts, arrest of judgment and the like, and why make an exception in this instance, and thansfer this same duty, that of passing on the law, to the jury? The whole doc- trine is unreasonable and inconsistent with the analogies, prin- ciples and very frame work of the whole judicial system.

As to the objection that counsel for the State made certain remarks in argument to the jury. No objection, protest or ex- ception was made against those remarks when they were made, so as to call the attention of the court to them and have its cor-

rective action thereon. The matter was first mentioned on motion for a new trial, when the court could not correct them, if objectionable. But I do not think those remarks could at all affect the trial, if timely objection had been made thereto. *State v. Shawn,* 40 W. Va. 1.

Next, as to the refusal of the court to set aside the verdict as not warranted by the evidence. The evidence is of large volume, given by many witnesses. As to the killing, that was not denied by the accused, the sole question being whether the killing was voluntary manslaughter, or in self-defense, a question purely of fact, dependent absolutely upon the credibility of the witnesses and the weight and effect of their evidence— purely a jury question. The evidence was pro and con upon this crucial question, whether the act was voluntary manslaughter, or homicide in self-defense. There could be no case suggested presenting a matter more proper for the decision of a jury. This Court has again and again said that in such cases it cannot, under the very constitution of the State, invade the province and prerogative of a jury and overrule judge and jury. *Young v. W. Va. & P. R. R. Co.,* 44 W. Va. 218. Hence we are led to an affirmance of the judgment.

*Affirmed.*