# CHARLESTON

### STATE *v.* HAMRICK.

Submitted April 7, 1914.   Decided April 14, 1914.

1. CRIMINAL LAW—*Judgment—Motion in Arrest—Grounds.*
    The inadvertence of the clerk, in the use of the word "dismissed", in place of the word "continued", in an order made on motion of a defendant, where the error clearly appears and is correctible by the record, is not after verdict good ground for a motion in arrest of judgment.   (p. 145).

2. SAME—*Homicide—Harmless Error—Instructions—Justification.*
    The giving and refusing of instructions to the jury on the trial of an indictment for murder, and involving no new principles or points of law, considered and approved.   (p.146).

Error to Circuit Court, Clay County.

Burton Hamrick was convicted of manslaughter, and brings error.

*Affirmed.*

*Henry B. Davenport, Stanard W. Bryant,* and *J. E. Springston,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison,* and *J. E. Brown,* Assistant Attorneys General, for the State.

MILLER, PRESIDENT:

On an indictment for murder, defendant was found guilty of voluntary manslaughter, and the judgment to which this writ of error relates was that he be imprisoned in the state penitentiary for one year.

The first point of error, covered by defendant's motion in arrest of judgment, and also his exception to the ruling and order of the court entered on the same day but after the judgment of imprisonment, by which on motion of the prosecuting attorney the court filed among the papers of the case the affidavit of the clerk showing that the word "dismissed" used in the first paragraph of the order of November 14, 1912, the fore part of which purporting, on motion of defendant, to "dismiss" said cause, was inadvertently used by him in said

order instead of the word "continued", which was in fact the action of the court on defendant's motion.

It is contended by defendant that the record speaks a verity and that the order could not be changed after the term at which it was entered. The record of the order is practically self correcting and needed no affidavit of the clerk to show what the action of the court in fact was, for the very next paragraph of the order shows that thereupon defendant and his sureties entered into a recognizance conditioned that he would make his personal appearance at the next regular term of the court, "to answer the State upon an indictment for a felony pending against him in said Court, and not depart thence without the leave of the Court." At the next regular term on January 9th, 1913, defendant renewed his recognizance to appear at the next following term to answer the same indictment. And at the next term on April 9, 1913, the case was tried on said indictment, resulting in the verdict and judgment complained of, no notice having been previously taken of the clerical error now relied on, nor until after verdict by the motion in arrest of judgment. The court we think might very properly of its own motion have entered an order correcting the error in the previous order. Courts have inherent power independent of statute to correct such clerical error and slips of inadvertence. *Miller* v. *Zeigler*, 44 W. Va. 484, 486. Therefore this point will be overruled.

The other points of error relied on relate to the giving of State's instructions numbers 4, 5, 6, 7, 16, 19, 19a, 20, and 25, and the rejection of defendant's instruction numbered 13.

State's instruction number 4, was not condemned in *State* v. *Taylor*, 57 W. Va. 229, as counsel assume. The instruction, State's number 2, criticised in that case, though having similar language, was very materially different, and because of the difference, was criticised as being obscure. The instruction in this case is the same as State's number 4, approved as good and given in *State* v. *Bickle*, 53 W. Va. 599. Moreover, the instruction given in *State* v. *Taylor* was not regarded as constituting reversible error.

State's instruction number 5, undertakes to define murder as the unlawful killing of another, with malice, which may be express or implied, and told the jury that in West Virginia

there are two degrees of murder, first degree and second degree. The complaint of this instruction is that it uses the word "malice" as synonymous with "malice aforethought". We see nothing in the criticism. The instruction seems to have been approved in *Hodges* v. *Com.,* 89 Va. 270. There may be a shade of difference in the meaning of these words, and perhaps is, though authorities seem to differ. 5 Words & Phrases, 4300. But what difference can this make in the effect of the instruction. The difference, if real, does not render the instruction incompetent to convey the proper meaning to the jury.

The complaint of instruction number 6, is that it omits the words "feloniously" and "unlawfully" in telling the jury that if the killing "was done willfully, deliberately, premeditatedly and with malice, it is murder in the first degree." While rules of pleading seem to require that every indictment for a felony should charge that the offense was done feloniously, we know of no rule requiring an instruction to do more than define the offense in general terms, or if statutory, in the language of the statute. This instruction does that, and is good.

Of instruction number 7, it is said, that among other things, it told the jury that if the killing "is done willfully, deliberately and premeditatedly *but without malice,* it is murder in the second degree." This was error of course, for killing without malice express or implied is not murder, and if the defendant had been found guilty of murder in the second degree the judgment would have to be reversed, but as he was not, but of voluntary manslaughter, he could not possibly have been prejudiced by the instruction. *State* v. *Douglass,* 28 W. Va. 297, 303. We see no other fault with the instruction.

Instruction numbered 16, is the same as State's instruction numbered 6 in *State* v. *Dickey,* 48 W. Va. 326, and number 19, the same as State's instruction number 3, in *State* v. *Cain,* 20 W. Va. 679, 710. Both we think were applicable to the evidence, and there was no error in giving them.

Instruction number 19a told the jury "that in self defense the degree of force used in repelling an attack must be measured by the degree of force used in making the attack."

It is said that this is the rule respecting the defense of property, as laid down in section 132, Wharton Cr. Law, (11th Ed.), and is not the rule in repelling an attack on the person, the correct rule in the latter case being that stated in instruction number 10, in *State* v. *Manns,* 48 W. Va. 486, namely, "that a person has a right to repel force by force in the defense of his person, his family or his habitation, and if in so doing he use only so much force as the necessity, or apparent necessity, of the case requires, he is not guilty of any offense, though he kill his assailant in so doing." True the latter is the better statement of the rule, but the one is not inconsistent with the other. Besides instructions given for defendant fully covered the theory of self defense, so that defendant could not have been prejudiced by any supposed error in the instruction complained of.

Instruction number 20, we think, stated the law correctly, and is justified by instructions approved and given in *State* v. *Greer,* 22 W. Va. 800, 818. It is unnecessary to burden this record by repeating them.

We see nothing erroneous or prejudicial in State's instruction numbered 25. It told the jury "that all the instructions given in this case, both for the state and for the defendant, are the instructions of the Court, and they must be considered as a whole by the jury in arriving at a verdict in this case." This instruction was approved in *McCue* v. *Com.,* 103 Va. 870, 910; and this court in *State* v. *Cottrill,* 52 W. Va. 363,. said: "All instructions given are instructions of the court, regardless of who requests them, and are to be considered together." See, also, *Reed* v. *Com.,* 98 Va. 817, and *Gray* v. *Com.,* 92 Va. 772. It is said by counsel that this instruction practically told the jury to decide on what law they intended to apply to the case and then ascertain the facts applicable to the law so found. This is not a fair interpretation of the instruction. What the instruction clearly meant to the jury, was that the instructions given covered the law on the different theories of counsel proposing them, depending of course on what conclusions the jury might reach as to the facts proven.

As to defendant's instruction number 13, rejected. This instruction would have told the jury that if they found from

the evidence the facts to be as recited in the instruction then "the defendant had the right to defend himself, even to the use of the penknife, (if he, the said defendant, could not otherwise cause the said Theodore Nicholas to desist from beating him,) and if the jury believe from the facts and circumstances of the case that the death of the said Nicholas resulted from the defendant's reasonable defence of himself, then the defendant was excusable, whether he intended to take the life of the deceased or not, or whether he believed that result necessary or not." This instruction is based on *Hicks* v. *State,* 51 Ind. 407. Such is not the law of this state. Our decisions say that in order to justify the killing the accused must have had reasonable grounds to believe, and did believe the danger was imminent, and that the killing was necessary to preserve his own life, or to protect him from great bodily harm, before he is excusable for using a deadly weapon in his defense. *State* v. *Cain,* 20 W. Va. 707. See, also, *State* v. *Gravely,* 66 W. Va. 375, 378-9.

Lastly, as to the action below on defendant's motion for a new trial. This motion was based mainly on the supposed errors in giving and refusing instructions, and for reasons assigned in disposing of those instructions the motion was not well founded on that ground; nor do we see that the verdict was contrary to the evidence.

The judgment below, therefore, will be affirmed.

*Affirmed.*