Rodger WYLEY, #3253

v.

WARDEN, MARYLAND PENI-
TENTIARY.

Civ. No. 14444.

United States District Court
D. Maryland.

May 18, 1966.

Mathias J. DeVito (Court-appointed),
Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen., of Mary-
land, and Carville M. Downes, Asst. Atty.
Gen., Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

Does Article 15, section 5 of the Mary-
land Constitution, which provides that
in the trial of all criminal cases "the
Jury shall be the Judges of Law, as well
as of fact," violate the due process and
equal protection clauses of the Four-
teenth Amendment to the Constitution of
the United States? That is the only
question pressed by petitioner, a state
prisoner serving a life sentence, imposed
after he was found guilty of first degree
murder, without capital punishment, by
a jury in the Criminal Court of Baltimore
in 1953.[1]

Petitioner's court-appointed counsel
has carefully assembled all the arguments
against the validity of the rule pre-
scribed by the Maryland Constitution,
which has been abandoned by every oth-
er American jurisdiction in which it was
ever the law, except Indiana. See Sparf
and Hansen v. United States, 156 U.S.
51, 15 S.Ct. 273, 39 L.Ed. 343 (1895),
and other federal and state decisions in
note 2.[2] For the present status of the

1. Although petitioner has not raised the point in a post-conviction proceeding in the state courts, in view of the recent decision in Giles v. State, 229 Md. 370, 183 A.2d 359 (1962), appeal dismissed 372 U.S. 767, 83 S.Ct. 1102, 10 L.Ed.2d 137 (1963), the Attorney General has waived non-exhaustion of remedies and agreed that this court pass on the question at this time.

2. United States v. Battiste, C.C.Mass., 24 Fed.Cas. 1042, Fed.Cas.No.14,545, (1835); United States v. Morris, C.C.Mass., 26 Fed.Cas. 1323, Fed.Cas.No.15,815 (1851); State v. Burpee, 65 Vt. 1, 25 A. 964 (1892); State v. Wright, 53 Me. 328 (1865); Commonwealth v. Porter, Mass., 10 Met. 263 (1845); Commonwealth v. Anthes, Mass., 5 Gray 185 (1857);

Pleasant v. State, 13 Ark. 360 (1853); State v. Gannon, 75 Conn. 206, 52 A. 727 (1902); State v. Jeandell, Del., 5 Har. 475 (1848–1855); Brown v. State, 40 Ga. 689 (1870); People v. Bruner, 343 Ill. 146, 175 N.E. 400 (1931); Montee v. Commonwealth, Ky., 3 J.J.Marsh 132 (1830); Hamilton v. People, 29 Mich. 173 (1874); Williams v. State, 32 Miss. 389 (1856); Parrish v. State, 14 Neb. 60 (1883); Pierce v. State, 13 N.H. 536 (1843): Roese v. State, 62 N.J.Law 216, 41 A. 408 (1898); Duffy v. People, 26 N.Y. 588 (1863); Pennsylvania v. Bell, Addison 156 (1793); State v. Draw-dy, S.C., 14 Rich. 87 (1866); State v. Syphrett, 27 S.C. 29 (1887); Harris v. State, Tenn., 7 Lea 538 (1881); State v. Dickey, 48 W.Va. 325, 37 S.E. 695 (1900).

rule in Indiana, see Beavers v. State, 236 Ind. 549, 141 N.E.2d 118 (1957).

Despite the repudiation of the rule elsewhere, either on constitutional grounds or on grounds which would raise serious questions under the Fourteenth Amendment, the Court of Appeals of Maryland has repeatedly refused to hold that the Maryland constitutional provision deprives a defendant of either due process or equal protection of the laws. Slansky v. State, 192 Md. 94, 63 A.2d 599 (1949); Giles v. State, 229 Md. 370, 183 A.2d 359 (1962).[3] Between *Slansky* and *Giles*, an amendment to Article 15, section 5 of the Maryland Constitution and the adoption of Article 27, section 593 of the Maryland Code[4] authorized the trial courts and the Court of Appeals to pass upon the sufficiency of the evidence to sustain a conviction, and Maryland Rule 756 b required the trial court to give advisory instructions to the jury, if requested to do so.[5] These and other modifications of the practice in question were discussed in Giles v. State, supra, and prompted the Supreme Court to note in Brady v. State of Maryland, 373 U.S. 83, 89, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963), that the Maryland "provision making the jury in criminal cases 'the Judges of Law' does not mean precisely what it seems to say".

More importantly, also in 1963, the Supreme Court dismissed "for want of a substantial federal question" an appeal from the decision of the Maryland Court of Appeals in the *Giles* case. Giles v. State of Maryland, 372 U.S. 767, 83 S.Ct. 1102 (1963).

 That decision is admittedly a decision on the merits. Counsel for petitioner notes, however, that lower courts have not always considered themselves bound by previous decisions of the Supreme Court, particularly where there has been a contrary trend in later decisions and a change in the personnel of the Court. See, e. g., Barnette v. West Virginia State Board of Education, S.D. W.Va., 47 F.Supp. 251 (1942), aff'd sub nom. West Virginia State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943).[6] That approach is not appropriate in this case. The Court recognizes the force of many of the arguments made by counsel for petitioner, but considers itself bound by the recent decision of the Supreme Court. There is no basis for a distinction between this case and the *Giles* case.

It may be that the Supreme Court will some day review its ruling in that case. If it is overruled, a question will be presented whether such a decision should be applied retrospectively. The serious problem which would result from a retrospective application would be similar to those discussed in Linkletter v. Walker, 381 U.S. 618, 637–638, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).[7]

The petition for a writ of habeas corpus must be and it is hereby denied.

---

**3.** See also Giles v. State of Maryland, 372 U.S. 767, 83 S.Ct. 1102 (1963); State v. Giles, 239 Md. 458, 212 A.2d 101 (1965), certiorari granted 383 U.S. 941, 86 S.Ct. 1194, 16 L.Ed.2d 205 (1966).

**4.** See also Maryland Rule 755.

**5.** Advisory instructions were given by Chief Judge Smith at petitioner's trial in the Criminal Court, accompanied by a correct statement of the effect of the Maryland constitutional provision.

**6.** Cf. Beck v. McLeod, E.D.S.C., 240 F. Supp. 708 (1965); Two Guys from Harrison-Allentown, Inc. v. McGinley, E.D. Pa., 179 F.Supp. 944 (1959).

**7.** The subject will no doubt be considered by the Governor's Commission on Maryland Criminal Law and by the Constitutional Convention Commission, which are now meeting regularly.