JAMES OLIVER PHILLIPS *v.* STATE OF MARYLAND

[No. 147, September Term, 1968.]

*Decided February 10, 1969.*

*Gerard W. Wittstadt* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Gary*

*Huddles, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, James Oliver Phillips, was indicted for escape from the Baltimore County jail in violation of Md. Code, Art. 27, § 139 (1967 Repl. Vol.) (1968 Cum. Supp.). He was convicted in the Circuit Court for Baltimore County by a jury, and was sentenced to the jurisdiction of the Department of Correction for one year.

The case was submitted to the jury on an agreed statement of facts, which set forth that the appellant was lawfully confined under sentence in the Baltimore County jail, that he was participating in a work release program authorized by Md. Code, Art. 27, §§ 645K-645S (1967 Repl. Vol.), that he failed to return to the jail after leaving his place of employment on March 15, 1968, and that he was apprehended on March 22, 1968. The appellant's defense was that Md. Code, Art. 27, § 645-O was the controlling statute, rather than Art. 27, § 139.

After the statement of facts was read, the court instructed the jury on the applicable law. At the conclusion of the charge the following proceedings took place:

> "(Mr. Wittstadt) I request that you so instruct the Jury that counsel in argument may refer to opinions of the other courts, relative to the other courts' opinions as to the law.
>
> "(The Court) If you read some other case in a court of last resort, then the Court will let you do that, and I'll so tell them now.
>
> "(Mr. Wittstadt) The only case I have is the case of *State v. Barton,* which was decided by Your Honor last week, which is identical to this case.
>
> "(The Court) And you want to refer to that?
>
> "(Mr. Wittstadt) Yes.
>
> "(The Court) And my ruling is that you can not." [1]

---

**1.** The case of *State v. Barton,* No. 34130, Circuit Court for Baltimore County, concerning the same issue of law, had been tried

On this appeal, appellant's sole contention is that the court erred in refusing to allow him to refer to the prior *nisi prius* decision of *State v. Barton* in his argument to the jury.

In those jurisdictions other than Maryland which allow or at one time allowed argument of law to the jury, in criminal cases, the general rule has been stated that it is proper to argue from reported cases and from generally recognized textbooks. See, *e.g., People v. Lloyd,* 304 Ill. 23, 136 N. E. 505, 534-35 (1922) ; *Klepfer v. State,* 121 Ind. 407, 23 N. E. 287 (1890) ; *State v. Whitmore,* 53 Kan. 343, 36 Pac. 748, 749 (1894) ; *State v. Dickey,* 48 W. Va. 325, 37 S. E. 695, 699 (1900) ; *Davis v. State,* 213 Ala. 541, 105 So. 677, 678 (1925). Compare *State v. Bussa,* 176 La. 87, 145 So. 276, 281 (1932). See generally Annot., 67 A.L.R.2d 245 (1959).

As the Constitution of Maryland, Art. 15, Sec. 5, provides that the jurors are the judges of law as well as fact in criminal cases, and as the jurors are not bound by the instructions of the trial court, it has been held that it is permissible for counsel in argument to the jury to refer to a legal textbook, *Jackson v. State,* 180 Md. 658, 667, or to the opinions of the Court of Appeals of Maryland, *Brown v. State,* 222 Md. 290, 302. In *Wilkerson v. State,* 171 Md. 287, 290, it was recognized that it would be difficult for lay jurors to know the law in any particular case "if counsel are to be denied the privilege of stating it to them."

At the time of trial in the instant case there were no opinions of the Court of Appeals, nor of this Court, speaking directly to the issue of law involved in appellant's defense. There were, however, several *nisi prius* decisions directly involving it, and we can see no reason why such relevant authority as

---

before the same judge, sitting without a jury, on May 1, 1968. In *Barton* the defendant was found not guilty of violating Art. 27, § 139 on the theory that Art. 27, § 645-0 was the applicable statute and provided the only sanction for walking away from a "work release" assignment.

It may be noted that at the time of trial of the instant case, May 10, 1968, there was little or no reported case law on the effect of Art. 27, § 645-0. *Shifflett v. State,* 4 Md. App. 227 (1968), which deals with the question, was filed May 29, 1968.

existed in this State at the time should not be brought to bear in assisting the jury in its determination of the matter. While we are reluctant to reverse this case in view of *Shifflett v. State,* 4 Md. App. 227 (1968), we feel constrained to do so because of the constitutional underpinnings of the contention here raised. Upon retrial, counsel, if he desires, must be permitted to refer to relevant prior *nisi prius* decisions, provided that he specifically identifies such decisions by the name of the case, the court in which tried, when decided, and by whom. The trial judge may always express dissent from counsel's statement as to the law, and the mere fact that the jury is informed that the court holds a different view of the law from that asserted by counsel, does not constitute prejudicial error, since differences between the court and counsel with regard to the law applicable to the case are left to the jury for determination. *Wilson v. State,* 239 Md. 245 ; *Schanker v. State,* 208 Md. 15.

*Judgment reversed; case remanded for a new trial.*