# MICHAEL DALE YOWELL v. STATE OF MARYLAND

[No. 18, September Term, 1975.]

*Decided October 3, 1975.*

The cause was argued before ORTH, C. J., and GILBERT and MOORE, JJ.

*John K. Keane, Jr., Assigned Public Defender,* for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Arthur A. Kravetz, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Two questions arise as a result of an appeal to this Court by Michael Dale Yowell who was convicted at a jury trial in the Circuit Court for Prince George's County of rape, assault and perverted sexual practice. The first query we must answer is a procedural matter, *i.e.*, has the second substantive issue been preserved for our review? If we resolve the first problem in appellant's favor, we must then decide whether the trial judge improperly refused to allow cross-examination of the prosecuting witness, which said examination was to have been grounded on an alleged prior inconsistent statement made by the prosecutrix to a public defender investigator. The transcript reveals:

"Q.   [By Mr. Keane, Appellant's Counsel] Josie, do you recall having met a gentleman whose name is Howard Campbell in the last couple of days?

A.   Yes.

Q.   And did you talk with him about this incident?

A.   Yes.

Q.   Do you recall him asking you about what time did you meet him on February 11? Do you recall Mr. Campbell having asked you the following question: 'About what time did you meet him on February 11, 1974, the day of this alleged offense? ' Do you recall —

MR. KRAVETZ [Assistant State's Attorney]: Objection, Your Honor.

THE WITNESS: No.

MR. KRAVETZ: The question is misleading as to the date.

THE COURT: I don't know. Is it a deposition or something?

MR. KEANE: It is a statement she made to Howard Campbell.

THE COURT: Well, first read her what she said, then ask her if she said it.

Q. Do you recall him asking you such a question?

A. No. He asked a question.

Q. Josie, let me show you a document, and you read part of it and just tell me if it refreshes your memory at all. You read this question. Disregarding the date, read what is marked A as your answer. Read that over and see if it refreshes your memory at all.

Josie, do you remember what the defendant was drinking when you were sitting at the table with him?

A. No.

Q. Could it have been Bloody Marys?

A. I don't know.

Q. You don't recall having told Mr. Campbell he was drinking Bloody Marys?

A. No.

THE COURT: Is the statement made under oath?

MR. KEANE: No. Your Honor.

THE COURT: Approach the bench.

(Whereupon, counsel approached the bench, and the following proceedings were had out of the hearing of the jury:)

THE COURT: I am not prepared to allow that kind of stuff, investigative, not under oath.

MR. KEANE: Prior inconsistent statement. Doesn't make any difference if it is under oath or not.

THE COURT: I think it does. He is not here.[1]

MR. KEANE: He probably will be if we need him.

THE COURT: I am not permitting any of that kind of stuff.

MR. KEANE: I didn't want to read the answer.

---

1. All witnesses had been excluded from the courtroom pursuant to Md. Rule 753.

THE COURT: She is under oath now. If you have something under oath —

MR. KEANE: I have got that, too.

THE COURT: If it is not under oath don't bother with it.

MR. KEANE: I have got her under oath as well.

THE COURT: Not some detective's word.

MR. KEANE: That is the reason I didn't read it to her, and asked her to read it and see if it refreshes her memory.

THE COURT: I just assumed it was under oath or you wouldn't have brought it out and asked her the question.

MR. KEANE: I have a transcript from downstairs under oath.[2]

THE COURT: You can do that."

In the light of the above-quoted dialogue, the State suggests that the substantive issue has not been preserved for our review, and that we are precluded from considering it by Md. Rule 1085. We disagree. When the trial judge refused to allow interrogation of the prosecutrix founded upon "that kind of stuff, investigative", which consisted of a supposed out of court, prior inconsistent statement, the judge violated the appellant's right to a fair and impartial trial by foreclosing the trial tactic of impeachment.[3] Unlike the situation in *White v. State*, 23 Md. App. 151, 326 A. 2d 219 (1974), the appellant in the instant case did make an attempt to lay a foundation for the impeachment of the prosecutrix, but the trial judge frustrated that effort when he forbade the use of the prior statement because it was not under oath.

While it may be argued that the appellant should have

---

2. A reference to the transcript of the preliminary hearing that was conducted in the District Court.

3. The value of the use of prior inconsistent statements seems to have been recognized in Biblical times. *See* Job, ch. 31, v. 35 wherein it is stated: "Behold, my desire is . . . that mine adversary had written a book."

made a proffer at trial as to what the allegedly prior inconsistent statement contained,[4] we do not believe, under the circumstances of this case, that the failure to make such a proffer is fatal. Ordinarily a proffer to show relevancy should have been made, but once the judge ruled that regardless of content it was inadmissible because it was not under oath, the appellant was precluded from showing relevancy.

We adopted a similar stand in *Phillips v. State*, 6 Md. App. 56, 59, 250 A. 2d 111, 113 (1969). There, speaking through Judge Anderson, we permitted an appeal from a trial judge's refusal to allow counsel to argue law to the jury. We considered the issue on appeal even though the appellant failed to note a formal objection to the trial judge's *sua sponte* ruling proscribing such an argument. *Phillips* bears resemblance to the case now before us because not only was there no formal objection to the trial court's ruling, but there, as here, it was the erroneous *sua sponte* action of the trial judge that curtailed the appellant's presentation of his case or argument. Moreover, the appellant's articulation to the trial judge relative to the prior inconsistent statement, while hardly a model of clarity, nevertheless, did supply sufficient data to the judge from which he could have drawn several clear rational inferences. Those inferences, simply stated, are that appellant possessed a statement made by the prosecutrix, prior to her in-court testimony, and which was to some extent inconsistent therewith; appellant desired to impeach the prosecutrix on the strength of her prior inconsistent statement; the law authorizes such impeachment irrespective whether the prior statement was under oath. We think appellant to have laid the foundation for the use of the prior inconsistent statement, and that he should have been allowed to continue the inquiry so as to establish materiality, if any.

---

4. The appellant has moved in this Court to supplement the record by adding the alleged prior inconsistent statement. The statement should have been made a part of the record at the time of trial. There is no authority for the introduction of evidence, for the first time, in an appellate court. We deny the motion.

We turn now to the question of the substantive issue. This Court flatly stated in *Sanders v. State,* 1 Md. App. 630, 640, 232 A. 2d 555 (1967):

> "*Provided a proper foundation has been laid, the credit of a witness may be impeached by showing he has made statements which contradict his testimony in respect to material facts.* . . . *Davis v. State,* 38 Md. 15 [(1873)]; *Joppy v. Hopkins,* 231 Md. 52, 56 [188 A. 2d 545, 548 (1963)] and cases cited; *Kantor v. Ash,* 215 Md. 285, 290 [137 A. 2d 661, 664 (1958)]; *Mahan v. State,* 172 Md. 373, 380 [191 A. 575, 579 (1937)]. To lay the foundation for such evidence, the witness must be first interrogated as to the time, place and person to whom such contradictory statements were made." (Emphasis supplied).

To the same effect *see: Devan v. State,* 17 Md. App. 182, 300 A. 2d 705 (1973); *Cooper v. State,* 14 Md. App. 106, 286 A. 2d 579 (1972); *Estep v. State,* 14 Md. App. 53, 286 A. 2d 187 (1972); *Jenkins v. State,* 14 Md. App. 1, 285 A. 2d 667 (1971); *Hernandez v. State,* 7 Md. App. 355, 255 A. 2d 449 (1969).

We did not say in *Sanders,* nor are we familiar with any case holding that in order to use a prior inconsistent statement for impeachment purposes, the statement must have been made under oath. It is enough that the statement, oral or in writing, be made prior to the giving of the challenged testimony, and that it be material to the facts at issue and not merely collateral or irrelevant.

When the trial judge refused to allow the use of the prior inconsistent statement [5] for impeachment purposes, he not only failed to adhere to what we espoused in *Sanders v. State, supra,* and its progeny, but he denied to appellant the

---

5. We are, of course, unable to say what impact, if any, the prior statement, if inconsistent, would have had upon the jury's attaching of credibility to the prosecutrix's version of the events giving rise to this case. We are not to be interpreted as holding that the prior statement is or is not inconsistent. The statement is not before us and consequently we express no opinion thereon.

fair and impartial trial that appellant is guaranteed under the Constitution of the United States and the State of Maryland Declaration of Rights.

*Judgment reversed and case remanded for a new trial.*
*Costs to be paid by Prince George's County.*