STATE OF MAINE *vs.* ROSARIO RENDA AND JOSEPH MONTALTO.

Cumberland. Opinion October 12, 1926.

*Consent or agreement "to fight or use blows or force towards each other" is not an essential element of the offense of an affray. The statute provides "if two persons voluntarily or by agreement fight," etc., they are guilty of affray. Persons who of their own free will fight or exchange blows act voluntarily, and if the other elements of the offense are established, they are as guilty of affray as if the combat grew out of an agreement.*

On exceptions. Respondents were indicted for an affray by fighting each other and tried at the September Term, 1925, of the Superior Court for Cumberland County. At the close of the evidence by the State counsel for the respondents moved for a directed verdict for the respondents, not presenting any evidence, on the ground that the State must prove that the respondents consented or agreed to enter into the affray, which motions were denied, and respondents excepted. Exceptions also were taken to the charge to the jury. A verdict of guilty was returned in each case. Exceptions overruled. Judgment for the State.

The case appears in the opinion.

*Ralph M. Ingalls, County Attorney and F. U. Burkett,* for the State.

*H. C. Sullivan and F. P. Preti,* for the respondents.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

STURGIS, J. The respondents were tried together on a charge of affray. At the close of the State's case they filed motions for directed

verdict which the presiding Justice denied. They offered no evidence in their defense, and the verdict was guilty. The case is before this court on exceptions to the denial of the motions.

Affray is defined by Sec. 1, Chap. 125, of the R. S., "If two persons voluntarily or by agreement, fight or use blows or force towards each other, in an angry or quarrelsome manner, in a public place to the terror or disturbance of others, they are guilty of an affray."

The fact is uncontroverted that sometime in the evening of July 19, 1925, the respondents were engaged in a street fight at the corner of Deer and Fore Streets in the city of Portland. The officer who made the arrest testifies that he was attracted by a woman's scream to the scene of the alleged affray, and as he approached saw the respondents exchanging blows. He says they were separated by bystanders, but again ran towards each other and were a second time striking at each other. While the officer's statement is not entirely clear as to subsequent events, it may fairly be inferred from his testimony that the combatants were again separated, and without opportunity to renew hostilities were arrested. The respondent Renda had a cut in his back. Montalto had a ragged wound in the back of his head. Both were bleeding freely, but neither was seriously injured.

We think all the elements of an affray as defined by the Statute are present in these facts, and the refusal of the presiding Justice to direct a verdict was not error.

The sole ground of error pressed by the respondents, that it was necessary for the State to prove by direct or positive evidence that they both consented to enter into this affray, is without merit. At common law it was not an essential element of an affray that the fighting should be by consent of the parties concerned. Sup. *Council O. C. F.* v. *Garrigus*, 104 Ind., 133. *Cash* v. *State*, 2 Overt. (Tenn.), 198. *Saddler* v. *Republic*, Dall. (Tex.), 610. *Pollock* v. *State*, 32, Tex. Cr. L., 29. In Indiana by R. S., 1881, Sec. 1980, the consent or agreement of the parties to engage in the fighting is made an element of affray, and its existence is necessary to complete the offense. *Klum* v. *State*, 1 Blackf. (Ind.), 377, the single case cited by the respondents in support of their exception, is based upon this statute.

The language of our statute (R. S., Chap. 125, Sec. 2), however, does not limit affray to fighting by consent or agreement. The language is, "If two persons voluntarily or by agreement fight," etc.

A person who enters into a fight or exchange of blows of his own free will acts voluntarily, and if the other elements of the offense are established he is as guilty of affray as if the combat grew out of an agreement. We do not think the sense of the statute requires that the disjunctive "or" be converted into "and."

In the instant case the evidence is plenary that both respondents voluntarily fought and exchanged blows while the officer was approaching. The existence of the other elements of the offense as defined by statute are not questioned and were fully proved.

The entry is,

> *Exceptions overruled.*
> *Judgment for the State.*