## BEST *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 152, September Term, 1963.]

634

*Decided June 16, 1964.*

Before the entire Court.

SYBERT, J., delivered the opinion of the Court.

The applicant, James Alton Best, was found guilty of escape and sentenced to ten years' imprisonment in the penitentiary, to begin at the expiration of the fifteen year sentence he was then serving for second degree murder. The escape occurred when the applicant, who had been taken to the University Hospital for medical treatment, walked off after his guard went to make a phone call to arrange for transportation back to the penitentiary.

The applicant's original petition for post conviction relief alleged, first, that he did not commit the crime of escape, as defined in Code (1957), Art. 27, sec. 139, since he was left unguarded and the hospital was not a place of confinement. He further asserts that it was the guard who violated the escape statute, by abandoning "jurisdiction" or custody when he left the applicant unguarded. Second, the applicant contends that he received institutional punishment for the escape and thus his subsequent conviction and sentence therefor constituted double jeopardy. In an amended petition he raised a third contention, that his sentence deprived him of due process of law by denying him the opportunity of parole on the original sentence, and that the sentence constituted cruel and unusual punishment.

The argument that the applicant did not commit the crime of escape since he was left unguarded and the hospital was not a "place of confinement", is answered in *Johnson v. Warden,* 196 Md. 672, 75 A. 2d 843 (1950). There this Court held that

a prisoner was legally confined in the State Reformatory within the meaning of what is now Art. 27, sec. 139, even though he was allowed to work outside, unguarded, on a private farm, and that, when he escaped from the farm, he was subject to punishment for escape from the Reformatory. The same reasoning applies in the instant case, and thus the applicant was properly convicted of escape under Art. 27, sec. 139. Cf. *Taylor v. State*, 229 Md. 128, 182 A. 2d 52 (1962). The claim that the guard had abandoned "jurisdiction" or custody (even if it were assumed that he could lawfully do so), is negated by the fact that the only reason the applicant was left alone was to permit the guard to arrange for transportation back to the penitentiary.

In regard to the second contention, institutional punishment was not the equivalent of a trial and the applicant was not put in jeopardy thereby. In addition, the claim of double jeopardy is one which could have been raised on direct appeal, but not in post conviction proceedings. *Wampler v. Warden*, 231 Md. 639, 645-648, 191 A. 2d 594 (1963).

Nor did the imposition of a ten-year sentence for escape, to run consecutive to the previous sentence, deprive the applicant of due process of law, or constitute cruel and unusual punishment. While the second sentence may operate so as to prevent the applicant from being paroled in regard to his first conviction, such is the inevitable consequence of consecutive sentences and does not constitute a denial of due process of law. Furthermore, the applicant cannot be heard to complain of a situation caused by his own dereliction. Since the sentence for escape was within the statutory maximum, it did not constitute cruel and unusual punishment. *Martin v. State*, 227 Md. 407, 410, 177 A. 2d 247 (1962).

*Application denied.*