SLAGLE *v.* STATE

[No. 182, September Term, 1965.]

*Decided July 19, 1966.*

The cause was submitted on the brief to HAMMOND, MAR-BURY, OPPENHEIMER and BARNES, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

Submitted by *Charles A. Reese* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Julius A. Romano, Assistant Attorney General,* and *J. Thomas Nissel, State's Attorney for Howard County,* for appellee.

EVANS, J., by special assignment, delivered the opinion of the Court.

The appellant, Stanley Norman Slagle, was convicted of escape from the Clifton T. Perkins State Hospital by a jury in the Circuit Court for Howard County and was sentenced to five years in the Maryland House of Correction by the Honorable James Macgill on 24 March 1965.

The sole contention here made is that the Clifton T. Perkins State Hospital is not a place of confinement within the meaning of Code (1957), Article 27, Section 139 as amended, so as to constitute an escape therefrom a criminal offense.

In 1963, the appellant was in the Baltimore City Jail awaiting trial under an indictment charging him with armed robbery. Upon interposing the defense of insanity by formal pleas, he was transferred, under court order, to the Clifton T. Perkins State Hospital where he was to undergo examination by the Department of Mental Hygiene in accordance with the provisions of Article 59, Sections 7, 9 and 11 of the Code. The order provided for the return of the appellant to the Baltimore City Jail upon completion of the examination.

On 13 September 1963, the appellant and a fellow inmate, Thomas Hadder, left the hospital after Hadder had cut and removed the steel window bars in his room with hacksaw blades obtained from a hospital security attendant. The attendant later told investigating officers of his role in the escape and, upon information received from him, the police apprehended the appellant in Baltimore on 21 September 1963.

An information was then filed by the State's Attorney for Howard County charging the appellant with escape. Appellant's motion to dismiss and motions for a judgment of acquittal, based on the contention that Clifton T. Perkins was not a place of confinement, were overruled.

The appellant contends that, under the rules of statutory construction, this Court cannot hold that Clifton T. Perkins State Hospital is a place of confinement within the meaning of Article 27, Section 139 of the Annotated Code of Maryland. This article provides:

> "If any offender or person legally detained and confined in the penitentiary, or jail, or house of correction, or reformatory, or station house, *or any other place of confinement* (emphasis supplied), in this State, shall escape, he shall, on conviction thereof by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, be sentenced to confinement in the penitentiary, jail or house of correction for such additional period, not ex-

ceeding ten years, as the court may adjudge. However, for escapes from the reformatory for males which have not involved an assault, the sentence shall not exceed confinement for three years."

This Court recently held in *Caparella v. State,* 214 Md. 355, that the Patuxent Institution was sufficiently analogous to a reformatory to be included within the phrase "other place of confinement."

In *Johnson v. Warden,* 196 Md. 672, a prisoner working on a privately owned farm outside the reformatory was deemed legally confined in the reformatory. Likewise, an escape from the Sandy Point Correctional Camp was held to constitute an escape from the House of Correction. *Taylor v. State,* 229 Md. 128.

In *Best v. Warden,* 235 Md. 633, a prisoner who had been taken to a hospital committed the crime of escape by walking off after his guard had gone to make a telephone call. His contention that an escape was impossible since he was left unguarded and the hospital was not a "place of confinement" was held to be without merit. An escape from the hospital was an escape from the penitentiary where he had been committed. See *Johnson v. Warden, supra.*

Likewise, in *Ford v. State,* 237 Md. 266, a defendant who was under sentence in a correctional institution and who was taken to a courtroom for trial on a subsequent charge was held to have committed the crime of escape from the correctional institution when he broke away from his guard and ran out of the courtroom since, even though he was physically outside the prison area, he remained in legal custody.

The above cases are somewhat distinguishable since the defendants therein escaped from the custody of correctional authorities, whereas custody of the appellant herein was transferred by court order from the Baltimore City Jail to the Clifton T. Perkins State Hospital.

Of particular significance, therefore, is the California case of *People v. Priegel,* 272 P. 2d 831. There the defendant was confined in the county jail awaiting trial on a felony charge when, by order of court, he was transferred to a hospital for

treatment of head pains. The court order provided that upon his recovery he was to be returned to the custody of the sheriff, but that while at the hospital he should be kept without guard. Hospital authorities placed the defendant in a room, the door of which was kept locked and the window of which was covered with heavy mesh grating. The defendant broke the padlock from the window and escaped. His conviction for escape from the hospital under the California Penal Code was affirmed on the ground that, while at the hospital, he remained a "prisoner" within the meaning of the escape statute.

As pointed out by Judge Macgill, the words "confinement" and "confined" appear throughout the sections of Article 59 of the Code under the heading "Insanity as a Defense in Criminal Cases." The appellant was referred to the Department of Mental Hygiene in accordance with the terms of Sections 7, 9 and 11 of that Article.

We find no reason why the Clifton T. Perkins State Hospital should not fall within the category of "any other place of confinement" as to persons confined therein under the provisions of Section 7 to 11 of Article 59. The language used in these sections is clear and unambiguous and the Legislature must be understood to intend what is plainly expressed. *State v. Fleming,* 173 Md. 192.

*Judgment affirmed.*