GARY EDWARD MEADOWS *v.* STATE
OF MARYLAND

[No. 217, September Term, 1967.]

*Decided March 22, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Ralph S. Greil* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, State's Attorney for Anne Arundel County,* and *T. Joseph Touhey, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant came to trial in the Circuit Court for Anne Arundel County under an indictment charging escape. He pleaded guilty. The court rendered a verdict of guilty and sentence him to a term of one year "to run consecutive with any other sentences you are now required to serve for any prior convictions."

On appeal from the judgment the appellant contends that:

I The plea of guilty
    a. did not "constitute a knowledgeable and intelligent plea";
    b. it precluded the introduction by him of evidence by State's witnesses which could have corroborated the facts alleged by him when he took the stand to show mitigation.

II He did not commit an escape within the meaning of the statute proscribing the crime.

III His rights were denied because he did not know that he had a right to have his sentence reviewed by a Review Panel.

I

a. In support of this contention the appellant alleges that he believed he would get a lighter sentence if he entered a plea of guilty. The record shows that the lower court made an examination of the appellant sufficient to show that the plea was free and voluntary. The examination adduced that the appellant had discussed the plea with his counsel, that he realized that it was an admission that he escaped, that none of the State's Attorney, the police or "anyone at the House of Correction" had made him any promises in consideration of his entering a guilty plea—"that you might get a lighter sentence or something of that nature", that he was pleading freely and voluntarily, that he was 21 years of age and had graduated from high school. With regard to penalty, the record discloses:

"COURT: And do you realize the penalty you can receive in this case?

DEFENDANT MEADOWS: Yes Sir.

COURT: You can get up to 10 years in addition to whatever sentence you're serving.

DEFENDANT MEADOWS: No sir, That is not what I was told.

COURT: Well, that is what the penalty is. That is the maximum penalty. What were you told?

DEFENDANT MEADOWS: Three years was the maximum.

COURT: Well, that is the maximum if you are at the Maryland Correctional Institution at Hagerstown, not at the Maryland House of Correction." [1]

After the appellant answered all the questions with regard to the plea, the Court asked, "Do you still wish to plead guilty?" and the appellant replied, "Yes sir". It is clear that before the verdict was entered, the appellant was fully informed as to the maximum penalty for the crime, and that there was no reason for him to expect a lighter sentence than one year, which

---

1. This is so only when the escape from the Maryland Correctional Institution does not involve an assault, as in the instant case. See Md. Code (1967 Repl. Vol.), Art. 27, § 139.

it is noted, was two years less than the penalty the appellant at first thought was the maximum for the offense. This contention is without merit. See *Blake v. State,* 2 Md. App. 492; *Gopshes v. State,* 1 Md. App. 396; *Charles v. State,* 1 Md. App. 222.

b. The contention that "the entry of a plea of Guilty tended to preclude the introduction into evidence by Appellant of evidence by State Officials which would have corroborated Appellant's narrative of what transpired at the time of the Appellant's purported offense" is frivolous. A statement of facts was presented to the court by stipulation. The appellant was afforded full opportunity to give his version of the escape and did so under oath. He made no request that other witnesses be called on his behalf.

## II

The appellant contends that he did not escape from a lawful place of confinement as specified in Md. Code (1967 Repl. Vol.), Art. 27, § 139. He was serving a sentence of three years in the Maryland House of Correction for housebreaking. He was assigned to the engine room detail. He testified that he had been working outside of the institution for three days. On the day of his departure he had finished his work and "went back to the engine room". He was standing outside the engine room when a truck drove up containing an inmate, who was driving, and an officer. The officer told him to get in the truck and they drove to Laurel to pick up some supplies. While they were loading the truck, the appellant asked permission to use the bathroom in a restaurant. He was granted permission but when he came back the truck was gone. He walked down Washington Boulevard to a tavern at Jessups Road. He entered the tavern and asked a man for a dime to use the telephone. He "was going to call the institution". The man was drunk and refused to give him a dime but bought him a drink. Instead of calling the institution, he just stayed there. The man kept buying him drinks and he got drunk. The man took him to Baltimore. "And then it was too late to go back to the institution". He was apprehended in Las Vegas, Nevada almost eleven months later. He claims he did not escape but was abandoned.

This Court discussed the crime of escape in *Fabian v. State,*

3 Md. App. 270. Under the statute there is no distinction between an escape from within prison walls and one effected when the prisoner was outside the prison area. The use of force is not a requisite of an escape. See also *Slagle v. State*, 243 Md. 435; *Ford v. State*, 237 Md. 266; *Best v. Warden*, 235 Md. 633; *Johnson v. Warden*, 196 Md. 672. Even assuming that the appellant's version was correct, his departure was clearly a violation of the statute.

### III

By the provisions of Md. Code (1966 Repl. Vol.), Art. 26, §§ 132-137, effective July 1, 1966, a person convicted of a crime, if eligible as therein set forth, is entitled to have his sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located.[2] Md. Rules, 762, effective July 1, 1966, established the procedure for review of sentences and was promulgated to implement the provisions of the statute pursuant to the mandate of Art. 27, § 138. Md. Rules, 719 b 6, delineating the extent of duty of counsel appointed by the court to represent an accused, provides that the authority and duty of such counsel "* * * Shall continue in all respects from the date of such appointment until the imposition of sentence." The rule continued with regard to counsel advising the accused of his right to appeal and, effective July 1, 1966 was amended to include such advice as to the right to apply for a review of sentence. Thus at the time sentence was imposed on the appellant the pertinent part of the rule provided, as to the extent of such counsel's duty after the imposition of sentence:

> "Thereafter counsel shall advise the accused concerning his right to appeal and his right to apply for a review of his sentence. If directed by the accused, counsel shall assist in the preparation of an application for

---

**2.** Although it cannot be determined from the record before this Court, the appellant claims he had 1 year, 1 month and 20 days to serve on his previous sentence. As his sentence of 1 year in the instant case was "to run consecutive with any other sentences" required to be served for any prior convictions, the sentences exceeded 2 years as defined in § 133.

review of sentence under Rule 762 (Review of Sentence) and an order for appeal, and shall file same over the signature of the accused."

The appellant was represented by counsel appointed by the court in the trial of the instant case (other counsel was appointed to represent him on appeal) and that counsel had the duty to advise the appellant of his right to apply for a review of his sentence. The appellant now alleges that he did not know of this right, implying that his counsel did not so advise him. The record before us is silent as to whether counsel did or did not so advise him, but in any event we do not think that the matter is properly before us on direct appeal. The sentence did not exceed the maximum permitted by law, and the appellant does not claim that it was cruel and unusual or that its imposition was an abuse of the discretion of the trial court. We hold that the contention is not material to the validity of the judgment attacked on direct appeal. If, under proper proceedings, it is shown that the appellant was eligible to apply for a review of his sentence and that his counsel did not so advise him, the result, at best, would be the grant of a belated application for review of the sentence.

*Judgment affirmed.*