## PHILLIP MORRIS SHIFFLETT *v.* STATE OF MARYLAND

[No. 334, September Term, 1967.]

*Decided May 29, 1968.*

228

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Carville M. Downes,* with whom was *Arthur S. Alperstein* on the brief, for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *John J. Lucas, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was indicted in Baltimore County for the crime of (1) common law escape, and (2) escape in violation of Section 139 of Article 27 of the Maryland Code (1967 Repl. Vol.) which makes it a felony for any person "legally detained and confined in the penitentiary, or jail, or house of correction, or reformatory, or station house, or any other place of confinement, in this State, * * *" to escape therefrom. He was found guilty generally by the court sitting without a jury and sentenced to two years under the jurisdiction of the Department of Correction.

The evidence adduced at the trial showed that appellant was lawfully confined under sentence in the Baltimore County jail on September 8, 1967; that on that day, he was "a trustee" of the jail and had, since September 5 been working at the office of the Chief Clerk of the Baltimore County magistrate's court; and that he left this assignment on September 8, 1967, did not thereafter return to the County jail, and was apprehended by the police four days later in Baltimore City.

While appellant makes no contention with respect to the sufficiency of the evidence to support his conviction for com-

mon law escape, he contends that the escape conviction based on the statute, Section 139 of Article 27 of the Code, was improper since he did not escape from the Baltimore County jail, but from the office of the Chief Clerk of the Baltimore County magistrate's court, this not being a place of confinement within the meaning of the statute. We find no merit in this argument. The jail is expressly included as a place of confinement under the statute. As appellant was lawfully under sentence and committed to the jail, the fact that he was physically beyond its confines when he escaped does not immunize him from prosecution under the statute. See *Fabian v. State,* 3 Md. App. 270, 280, at footnote 5, collecting authorities to the effect that no distinction exists between an escape from within prison walls and one effected when the prisoner, in legal custody, was physically outside the prison area.

Nor is there merit in appellant's contention that he could only be indicted for escaping under Section 714 or 725 of Article 27 of the Code. These statutes apply to persons escaping while on the convict road force and are manifestly inapplicable. See *Taylor v. State,* 229 Md. 128; *Casey v. State,* 198 Md. 645; *Johnson v. Warden,* 196 Md. 672.

Appellant next contends that his two-year sentence constituted cruel and unusual punishment in violation of the State and Federal constitutions. By way of underpinning this argument, he claims that he was on a "work release" program at the time of his escape; that under Section 645K of Article 27 of the Code persons sentenced to a county jail may be placed on a work release program; and that under Section 645(O) of that Article, the only sanction provided for violating "the conditions laid down for his conduct, custody and employment" is that he may be required to serve the balance of his sentence in actual confinement, with any earned diminution of his term being cancelled.

Assuming that appellant was in a "work release" status under Section 645K at the time of his escape, we find nothing in Section 645(O) prohibiting appellant's indictment and conviction for common law escape or for escape under Section 139. It is well settled that repeals by implication are not favored and will not be so held unless there is some express reference

to the previous statute, or unless there is a manifest inconsistency in the two, or the provisions are so repugnant that they cannot stand together. See *Thomas v. State,* 173 Md. 676; *Green v. State,* 170 Md. 134. We find no such express reference in Section 645(O), nor inconsistency or repugnancy between Section 139 and Section 645(O), and hold that the latter does not in any way circumscribe the right of the State to indict for escape under Section 139.

In furtherance of his contention that the two-year sentence imposed upon him was cruel and unusual in the constitutional sense, appellant draws attention to the fact that under Section 700A(c) of Article 27 of the Code, authorizing a "work release" program for prisoners under the jurisdiction of the Department of Correction, persons on such programs who fail to return to their place of confinement, can only be found guilty of a misdemeanor, and not a felony. We note that this Section was enacted prior to the 1966 amendment of Section 139 declaring the crime of statutory escape to be a felony. While Section 700A(c) was not amended at the same time, and still declares escape by work release prisoners under the Department's jurisdiction to be a misdemeanor, a conviction thereunder carries the same penalty presently provided in Section 139. We therefore find no merit in appellant's contention that his two-year sentence was constitutionally cruel and unusual.

*Judgment affirmed.*