RONALD LEE SAUNDERS *v.* STATE OF
MARYLAND

[No. 52, September Term, 1969.]

*Decided November 18, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Donna C. Aldridge* for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Arthur*

A. Marshall, Jr., State's Attorney for Prince George's County, and Donald P. McLaughlin, Assistant State's Attorney for Prince George's County, on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Ronald Lee Saunders, the appellant, was convicted of larceny in the Circuit Court for Prince George's County and sentenced to a term of three years. Saunders was tried by a jury as was one of Saunder's co-defendants; another co-defendant was tried in the same proceeding by the court without the jury.

In this proceeding appellant raises five contentions. The contentions in the order in which they will be considered are that there was error in: (1) failing to allow a severance as to defendant Saunders (2) failing to dismiss the count of larceny (3) admitting out-of-court statements and confessions of non-testifying co-defendants implicating Saunders and failing to instruct the jury as to the limiting effect to be given to these statements, citing *Bruton v. United States*, 391 U. S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968) (4) finding the courtroom identification sufficient (5) finding the element of ownership in the larceny count had been proven.

On August 29, 1968, James E. Conner, a special investigator for Giant Foods, Inc., was working at the company's Cottage City warehouse in Prince George's County, Maryland. At or about noon, he discovered two cartons of merchandise were missing from the warehouse. He testified he saw appellant, Saunders, who was employed as a stock clerk near an open security door. Although Saunders' work assignment was in that section of the warehouse, Conner testified Saunders had no authority to open the door. At that time Saunders explained he had opened the door to get fresh air while eating lunch. Conner testified that it was approximately fifteen feet from where Saunders was at the open door to where the two cartons of merchandise were hidden. Conner

later found the two cartons as a result of an intensive search of the warehouse premises. He initialed the cartons and, together with a fellow security investigator, Tollie C. Holtzclaw, instituted a surveillance of the two cartons. At approximately 2:45 P.M. on the same day, three men drove up to the warehouse in a vehicle bearing District of Columbia registration. One of the three men lifted the hood to the automobile and appeared to be inspecting the motor while the other two loaded the cartons into the automobile. At this time Conner and Holtzclaw approached the men, who fled; however, two of the three were apprehended at that time. Saunders was not arrested at that time. The two men who were arrested were taken to the Hyattsville Jail and read their *Miranda* rights. Conner then proceeded to interrogate each of the suspects separately. In their conversations they stated what amounted to a confession. Each suspect also implicated Saunders, which fact was testified to at trial by Conner. On September 4, 1968, Saunders was arrested while at work at the warehouse. Saunders was read his *Miranda* rights and also interrogated by Conner. Saunders' statement was admitted without objection. Although the record is barren as to what questions Conner asked Saunders in order to receive the responses that appear in the record as Saunders' "confession," it would appear that Conner confronted Saunders with some of the implicating evidence, and that Saunders admitted involvement in the crime. Holtzclaw's testimony supported Conner's. Prior to trial, Saunders moved for a severance from the co-defendants. The State answered with the statement:

> "[T]hat all evidence admissible against the defendant, Ronald Lee Saunders, is also admissible against the other defendants. . . that joinder of the defendant's, Ronald Lee Saunders, trial with the trial of the other defendants will not be prejudicial to said defendant. . . ."

The motion was never ruled upon. During the trial the

motion was called to the trial judge's attention, but he stated that it had been waived because Saunders had gone to trial without insisting on the ruling, but he indicated that Saunders would, in his opinion, be entitled to relief under the Uniform Post Conviction Procedure Act on the grounds that counsel· was incompetent because he did not insist on a ruling in view of the cross-confessions. The trial judge further stated that at that point in the proceedings, all he could do was instruct the jury that the statement of each accused was admissible only as to the one making the statement. No such instruction was ever given, either at the time the statements were admitted or in the general instructions at the end of the testimony. Counsel never requested such instructions nor was there an exception to the failure to give the instructions.

## I   The Motion for Severance

In the absence of waiver, the failure to rule on a pretrial motion is error. See *Brice v. State,* 254 Md. 655, 255 A. 2d 28. Here, as in *Brice,* the defendant had made a pretrial motion, the granting of which would have significantly altered the course of the trial. In *Brice,* it did not alter the result that the defendant himself believed the motion to have been ruled upon and so informed the trial court. Nor did it alter the result that trial counsel had not discovered the lack of a ruling before trial and pressed for a pretrial ruling. This failure was not a waiver of the matters contended in the motion to dismiss because of lack of evidence to support the grand jury indictment and for double jeopardy. The subject matter of the motion was properly preserved for appeal where the accused personally indicated during trial that he desired a ruling on the motion, which through error or omission had not been ruled upon. The court indicated that all pretrial motions should be ruled upon by the trial judge if they were brought to his attention prior to the conclusion of the trial. See *Frazier v. State,* 3 Md. App. 470, 240 A. 2d 306.

The situation here is strongly analogous to *Brice, supra*. Defendant here, as in *Brice*, had filed a pretrial motion. In Saunders' case, the State had filed an answer while in *Brice* it appears that the State had not yet filed its answer. In both *Brice* and *Saunders*, it was indicated during trial, rulings were desired. Prior to the conclusion of the case the trial court here was made aware of both the fact the motion had been filed and that there was no ruling on it. In view of the obvious merit to the motion, we think the motion should have been granted at the time it was called to the judge's attention. The Court of Appeals in *Brice, supra* held specifically there was no waiver of a pretrial motion if a ruling was sought prior to the conclusion of the case.

## II   Larceny and Shoplifting

In his second contention, Saunders presents the argument that the legislature, by passing the shoplifting law, repealed by implication all laws which would allow conviction for larceny from a mercantile establishment. The shoplifting statute found in Md. Code, Art. 27, § 551A says in its relevant parts:

> "(a) What constitutes. — In any mercantile establishment, it is unlawful for any person
>
> "(1) To remove any goods, wares or merchandise from the immediate place of display or from any other place within the establishment with the intent to appropriate the same to the use of the person so taking, or to deprive the owner of the use, or value, or any part thereof."
>
> \* \* \*
>
> "(g) Repeal of inconsistent provisions.—All laws, or parts of laws, inconsistent with the provisions of this section are hereby repealed to the extent of the inconsistency."

In essence, appellant maintains that subsection (g) *supra* is a repeal by implication of any law allowing con-

viction for larceny from a mercantile establishment. This contention is without merit.

The criteria for repeal of statutes by implication as stated by this Court in *Shifflett v. State,* 4 Md. App. 227, 242 A. 2d 182 and *McDuffy v. State,* 6 Md. App. 537, 252 A. 2d 270, has three main considerations: (1) some express reference to the previous statute; or (2) a manifest inconsistency in the two statutes; or (3) provisions within the two statutes that are so repugnant that they cannot stand together. Repeal by implication is not favored. We think the principles established by these cases are equally applicable to repeal of the common law. There is no express reference to larceny laws; nor is there any manifest inconsistency in allowing either a conviction for larceny or shoplifting for the theft of goods from a mercantile establishment; nor have repugnant provisions been pointed out to this Court. This Court, therefore, holds the shoplifting statute in Md. Code, Art. 27, § 551A does not repeal the larceny laws. See also 90 A.L.R.2d 811, and especially the Later Case Service for that annotation, which indicate our holding is generally the same reached by other courts.

In view of the reversal, there is no need to discuss the remaining contentions. Defects based on these points, if any, will be cured if the new trial is carefully conducted.

*Judgment reversed and case*
*remanded for a new trial.*