## WILLIAM A. BEASLEY *v.* STATE OF MARYLAND

[No. 239, September Term, 1972.]

*Decided January 30, 1973.*

8

The cause was argued before THOMPSON, MOYLAN, CARTER and DAVIDSON, JJ.

*Eugene M. Lerner* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, George*

*A. Eichhorn, III, Assistant Attorney General, Raymond G. Thieme, State's Attorney for Anne Arundel County,* and *Frank Weathersbee, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

CARTER, J., delivered the opinion of the Court.

The appellant, William A. Beasley, was convicted of escape by Judge Ridgely P. Melvin, Jr. in the Circuit Court for Anne Arundel County and sentenced to two years in prison to run consecutively with the sentence he was then serving. He contends (1) that he was charged and convicted of violating Art. 27, § 139 which is a felony when he should have been charged under Art. 27, § 700A (c) which is a misdemeanor, and (2) that his sentence constituted cruel and unusual punishment.

## FACTS

The information charged that the appellant on October 26, 1970, "while undergoing lawful custody in pursuance of a sentence by Judge George D. Solter in the Baltimore City Criminal Court for the offense of Narcotic Violation, did then and there unlawfully from and out of said custody, escape and go at large."

The appellant entered a plea of guilty to the charge. Prior to accepting the plea, the trial judge duly explained his rights to him and the significance of his plea. In the course of this explanation the following colloquy took place:

"COURT: Are you pleading guilty for the sole reason that you are, in fact, guilty?

DEFENDANT BEASLEY: Yes. I mean, this escape, you leave off of work detail.

COURT: That's my understanding.

DEFENDANT BEASLEY: Yes sir.

COURT: Did you, in fact, escape?

DEFENDANT BEASLEY: Yes sir."

After the court agreed to accept the appellant's plea of guilty a stipulation of facts was entered into by agreement of defense counsel and the State. The stipulation set forth that the appellant was convicted by Judge Solter in the Criminal Court of Baltimore of a violation of the narcotic laws and sentenced to the custody of the Commissioner of Correction for a period of three years dating from June 8, 1969. He was subsequently transferred by the Commissioner to the Maryland Correctional Camp Center at Jessup, Anne Arundel County, Maryland. While on a work release program from that institution, he escaped and went at large on October 26, 1970. He was apprehended about one year later.

Following the stipulation the appellant took the stand and stated that he left the custody of the Center because his wife had advised him that their 12 year-old daughter had run away from home and he wished to assist in finding her. At the conclusion of his testimony, sentence was imposed.

## LAW

### I

#### A. *THE INFORMATION CHARGED A VIOLATION OF SECTION 139*

Md. Code, Art. 27, § 139 provides in part:

> "If any offender or person legally detained and confined in the penitentiary, * * *, or any other place of confinement, in this State, shall *escape* he shall be guilty of *a felony* and on conviction thereof * * * be sentenced to confinement in the penitentiary, * * * for such additional period, not exceeding ten years, as the court may adjudge. * * *" (emphasis added)

Article 27, § 700A provides in substance for a work release program for prisoners committed to the jurisdiction of the Department of Correction. Subsection (c)

provides that "if any prisoner released from actual confinement under a 'work release' plan shall wilfully fail to return to the place of confinement so designated at the time specified in such plan, he shall be guilty of *a misdemeanor* and, upon conviction, shall be subject to the penalties provided in § 139 of Article 27." (emphasis added)

The appellant contends he was charged (improperly) with a violation of § 139. The appellee asserts that the appellant was properly charged and convicted of a violation of Art. 27, § 139, even though the language of the information was also sufficient to charge a violation of § 700A (c). The language in the information [1] charges that the appellant "while undergoing lawful custody in pursuance of a sentence * * * did * * * from * * * said custody, escape * * *." We held in *Shifflett v. State,* 4 Md. App. 227 that the escape of a prisoner while in constructive custody under a work release program constituted an escape from a place of confinement in violation of § 139. In the light of *Shifflett* we now conclude that the allegations in the information are legally equivalent to stating that the appellant escaped from a place of confinement as proscribed by § 139. The language used to charge a violation of a statutory offense need not be in the exact language of the statute. We said in *Baker v. State,* 6 Md. App. 148 at 157:

> "* * * An indictment or information for such an offense [statutory] is sufficient if it follows the language of the statute substantially or charges the offense in equivalent words or others of the same import if the defendant is thereby fully informed of the particular offense charged, and the court is enabled to see therefrom on what statute the charge is founded. * * *"

See also Vol. 4, Wharton's Criminal Law and Procedure

---

1. The appellant was tried on an information after he had executed a written waiver of his right to be tried upon an indictment.

(Anderson Ed.), § 1796, p. 622. Applying *Baker* to the allegations contained in the information as interpreted by *Shifflett, supra,* we conclude that the information charges a violation of § 139.

## B. *SECTION 700A (c) DID NOT SUPERSEDE SECTION 139*

The appellant further contends he was improperly convicted of violating § 139 because that part of this section which included his conduct was repealed and superseded by the special provisions of § 700A (c). This contention is based on a claim that the two statutes are inconsistent and repugnant to each other. The cardinal rule applicable to the construction of statutes is that they be interpreted to effectuate the legislative intent. *State v. Gibson,* 4 Md. App. 236, 246-247; *Chambers v. State,* 6 Md. App. 339, 343. In *Subsequent Injury Fund v. Chapman,* 11 Md. App. 369 we said at 375:

> "* * * Statutes which relate to the same thing or general subject matter, and which are not inconsistent with each other are in *pari materia,* and should be construed together so that they will harmonize with each other * * *."

See also *May v. Warnick,* 227 Md. 77, 83. The legislative history of the two statutes involved in this case shows that § 139 was first enacted by Chapter 138 of the Acts of 1809 and was subsequently amended several times. It existed in substantially its present form at the time of the enactment of § 700A (c) by Chapter 285 of the Acts of 1963. Both statutes were misdemeanors until § 139 was made a felony by Chapter 628 of the Acts of 1966.[2] Both statutes deal with the same general subject

---

2. In Maryland only those crimes are felonies "which were such at common law or have been so declared by statute." See *Bowser v. State,* 136 Md. 342, 345; *Robinson v. State,* 4 Md. App. 515, 523. The Court of Appeals in *Baker v. State,* 205 Md. 42, 45 held Art. 27, § 139 was not declaratory of the common law crime of escape but created a new crime unknown to the common law

matter, that is, the escape of prisoners. Both provide the same maximum penalty of ten years in prison. There is no substantial difference in the conduct prohibited by the two statutes. Section 139 proscribes the escape of prisoners generally from a place of confinement while § 700A (c) prohibits the escape of prisoners under the jurisdiction of the Department of Correction while on a work release program. We hold therefore that at the time of the enactment of § 700A (c) in 1963 and prior to the 1966 amendment of § 139 there was no inconsistency or repugnancy between the two statutes and that both were then in full force and effect.

We further conclude that the making of a violation of § 139 a felony while § 700A (c) remained a misdemeanor did not create such an inconsistency between the two as to cause § 139 to be superseded and repealed to the extent of the proscriptions contained in § 700A (c). In *Saunders v. State,* 8 Md. App. 143, this Court dealt with a similar situation except that in *Saunders* the difference in the two statutes was in the extent of the penalties prescribed rather than in the nature of the offenses created. In *Saunders* the accused took articles from a mercantile establishment in violation of the shoplifting statute (Art. 27, § 551A) which carried a maximum penalty of 3 years. He was convicted of grand larceny which carried a maximum penalty of 15 years (Art. 27, § 340). In that case this Court, speaking through Judge Thompson, held that there was no manifest inconsistency or repugnancy between the shoplifting statute and the larceny laws which would effect a repeal of the larceny laws by implication. We further held that the accused could properly be convicted under either the shoplifting statute or the larceny laws for the theft

---

although analogous to the common law crime of escape. See also *Fabian v. State,* 3 Md. App. 270, 279. Since the new crime created by § 139 did not exist at common law, it cannot be said that it was a felony under that law. Section 139 was not designated either a felony or a misdemeanor under the term of § 139 prior to the 1966 amendment (Chapter 628). Therefore under the rule in Maryland, § 139 was a misdemeanor prior to the 1966 amendment.

of goods from a mercantile establishment. We find no more inconsistency or repugnancy in the instant case where the difference in the two statutes was in the nature of the offenses created (felony and misdemeanor) than was the case in *Saunders* where the difference lay in a wide divergence in the penalties prescribed by the two statutes. Applying the rationale in *Saunders* to the instant case, we hold that the appellant could have been charged and convicted under either statute.[3]

## C. *THE PLEA OF GUILTY WAS PROPERLY ACCEPTED*

The appellant contends that his plea of guilty to the charge of violating § 139 was not properly accepted. We disagree. In dealing with the question of accepting a plea of guilty, we said in *McCall v. State,* 9 Md. App. 191 at 194:

> "* * * [T]he record must affirmatively show that the plea of guilty was entered by an accused:
>
> (1) voluntarily—that is not through coercion, terror, inducements, or subtle or blatant threats; and
>
> (2) with an intelligent understanding— that is not through ignorance or incomprehension:
>
> (a) of the nature of the offense; and
>
> (b) of the possible consequences of the plea; and
>
> (3) unconditionally.
>
> These requirements have been established as

---

3. Chapter 628 of the Acts of 1966 which amended § 139 to make a violation thereof a felony also amended some 16 other statutes to make violations of specified crimes felonies. The Act made no mention of any intention to repeal or otherwise affect any statute.

We note that § 700A (c) was likewise amended to make a violation thereof a felony by Chapter 527 of the Acts of 1972. This amendment was not effective at the time of the appellant's escape and therefore is inapplicable to the instant case.

the law of this State. See *Duvall v. State,* 5 Md.
App. 484. While no specific ritual is required
of the court in ascertaining the existence of the
requirements, *Church v. State,* 5 Md. App. 642,
they may not be presumed from a silent record,
*Carnley v. Cochran,* 369 U. S. 506, 516. \* \* \*"

We conclude that it is clear from the record, including
in particular the colloquy between the trial court and
the appellant, that the appellant entered his plea of
guilty to a violation of Art. 27, § 139 voluntarily, un-
conditionally, and with an intelligent understanding of
the nature of the offense charged and the possible con-
sequences of his plea. The plea was therefore properly
accepted.[4] We further conclude that the facts contained
in the stipulation together with the appellant's plea of
guilty were legally sufficient to justify his conviction of
violating § 139. The trial court was therefore not clearly
in error in finding the appellant guilty of violating § 139.

## II

Since the sentence imposed was within the 10-year
limitation provided by the statute (§ 139), it will not
be disturbed on appeal in the absence of a showing of an
abuse of discretion. See *Love and Matthews v. State,* 6
Md. App. 639, 644; *Minor v. State,* 6 Md. App. 82, 91.
There was no showing of an abuse of discretion. The
sentence will therefore not be disturbed.

*Judgment affirmed.*

---

4. The entry of a plea of guilty by the appellant did not waive
his right to challenge the information on the basis that it failed
to charge him with an offense. See *Baker v. State, supra* at 151.
In other words, the plea did not waive his right to assert that the
statute he was charged with violating (§ 139) had been super-
seded and was of no legal effect so far as his conduct was con-
cerned. A failure to charge an offense amounts to a jurisdictional
defect that is not waived by a plea of guilty. See also *McCall v.
State, supra* at 194; *Fix v. State,* 5 Md. App. 703, 705.