# JOHN WILLIAM ROBINSON *v.* STATE OF MARYLAND

[No. 783, September Term, 1972.]

*Decided July 13, 1973.*

The cause`was argued before THOMPSON, POWERS and MENCHINE, JJ.

*John W. Sause, Jr., District Public Defender,* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *J. Owen Wise, State's Attorney for Caroline County,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

John William Robinson, convicted of armed robbery in the Circuit Court for Anne Arundel County, had been sentenced to eight years imprisonment commencing on February 27, 1969. Robinson subsequently was assigned by the Department of Correction to the Eastern Correctional Camp, Church Hill, Queen Anne's County, Maryland, for confinement in that Camp under a plan of "work release." He began work with the Grasonville Fisheries under that work release plan.

On July 14, 1972 the management of Grasonville Fisheries reported to Correctional Camp authorities that Robinson had left his work detail at about 8:45 p.m. When informed that Robinson had returned to Grasonville Fisheries at 10:50 p.m., Camp authorities immediately ordered State Police to arrest Robinson and to imprison him in the Caroline County Jail at Denton. This was done forthwith. At midnight, "the balance of the inmates that were on work release program at Grasonville Fisheries were ready to be brought in from the job."

The interval between 8:45 p.m. and 10:50 p.m., when Robinson was absent without leave from his employment, was said to have been applied by Robinson to the commission of criminal acts. He was not, however, indicted

or tried for any offense occurring during that interval. Accordingly his conduct during that period plays no role in the determination of the subject appeal.

Robinson waived a jury trial in the Circuit Court for Caroline County, and was tried for escape under a two count indictment. The first count charged violation of Article 27, § 700A; the second charged violation of Article 27, § 139. Robinson was found guilty of violation of § 700A under the first count, but was found not guilty of violation of § 139 under the second count. Robinson urges that the facts did not permit conviction under § 700A. We agree.

Article 27, § 700A, in pertinent part, reads as follows:

> "(c) * * * * In the 'work release' plan of any prisoner, the Commissioner shall include as a specific term or condition the place where such prisoner is to be confined when not released for the purposes of the 'work release' program. If any prisoner released from actual confinement under a 'work release' plan *shall wilfully fail to return to the place of confinement so designated at the time specified in such plan, he shall be guilty of a felony* and, upon conviction, shall be subject to the penalties provided in § 139 of Article 27." [Italics supplied]

Article 27, § 139 — Cumulative Supplement — 1972, in pertinent part reads as follows:

> "If any offender or person legally detained and confined in the penitentiary or jail, or house of correction, or reformatory, or station house, or any other place of confinement, in this State, shall escape he shall be guilty of a felony and on conviction thereof by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, be sentenced to confinement in the penitentiary, jail or house of correction for such additional period, not exceeding ten years, as the court may adjudge. The sentence

so imposed shall be consecutive to the sentence under which the inmate was originally confined and shall not be suspended."

The State argues — quite correctly — that we held in *Shifflett v. State*, 4 Md. App. 227, 242 A. 2d 182, that the escape of a prisoner while under constructive custody under a work release program was in violation of Article 27, § 139; and in *Beasley v. State*, 17 Md. App. 7, 12, 299 A. 2d 482, 485, that § 700A did not supersede § 139.

Those decisions do not, however, aid the State's position in the subject case. It is true that the record below contains facts which, if believed, would have supported conviction under § 139 within *Shifflett, supra*. It is equally true that in *Beasley, supra*, we held that there was no inconsistency or repugnancy between § 700A and § 139 and that both were in full force and effect. Thus, *in a proper factual setting*, the two sections would permit a prosecution choice to proceed under either or both; and admit of judicial selection as to guilt or innocence under either.

§ 139 is a broadly based statute embracing within its purview *all escapes* [1] from lawful confinement, whether the escape was initiated from within or without the walls or

---

1. This Court said in *Meadows v. State*, 3 Md. App. 441, 445, 239 A. 2d 767, 770: "Under the statute there is no distinction between an escape from within prison walls and one effected when the prisoner was outside the prison area. The use of force is not a requisite of an escape." We had previously pointed out in *Fabian v. State*, 3 Md. App. 270, 278, 239 A. 2d 100, 106, wherein the prisoner had assaulted a guard in effecting his escape, that: "* * * * § 139 encompasses departure from lawful custody from any place of confinement, by the use of force or without the use of force as known in the common law, and so includes the common law crime of prison breach." In *Shifflett, supra*, at page 229 [184] we made clear that § 139 applied to prisoners on "work release" status. We announced in *Jennings v. State*, 8 Md. App. 321, 325, 259 A. 2d 547, 550, that where one was imprisoned under color of law, escape is proscribed by § 139 "* * * even though he might be able to show such defects in the procedure by which he was arrested and imprisoned as would justify his release." Our decisions interpreting so broadly the provisions of § 139 were presaged by numerous decisions of the Court of Appeals of Maryland wherein convictions under the section were upheld although the escape was initiated from: a general hospital, *Best v. Warden*, 235 Md. 633, 201 A. 2d 490; the Perkins State Hospital, *Slagle v. State*, 243 Md. 435, 221 A. 2d 641; a courtroom, *Ford v. State*, 237 Md. 266, 205 A. 2d 809; a correctional camp, *Taylor v. State*, 229 Md. 128, 182 A. 2d 52, and a farm upon which the prisoner was allowed daily to work, *Johnson v. Warden*, 196 Md. 672, 75 A. 2d 843.

other boundaries of a penal facility; whether the confinement was actual or constructive; whether it was effected with or without force, and without regard to the circumstances of confinement if the detention was under color of law.

§ 700A of Article 27, on the other hand, is a narrowly constricted statute, the application of which is limited in precise terms to prisoners under a "work release" plan. More, that section imposes, as a condition precedent to its breach, the necessity for proof of a *wilful* failure to return to the place of confinement at the time specified in such plan.

The predicament confronting the State in the subject case arises from the fact that appellant was found not guilty of violation of § 139. Thus, an offense proscribed by that section is not within our reach in this appeal.

As to § 700A, under which the appellant was convicted below, it is plain that an essential element of the offense proscribed by the section is lacking. The gravamen of the offense in § 700A is the *wilful* failure to return to the place of confinement *at the time specified* in the work release plan. The undisputed testimony in the subject case shows that the appellant returned to the place of his work release employment during his assigned working hours but was taken forthwith to the Caroline County Jail. Both events occurred prior to the time specified for his return to his designated place of confinement. Thus return to that place of confinement was prevented by the force of official action. Accordingly, his failure to return at the time specified cannot be said to have been wilful.

Although it has been said that the word "wilful" is a word of many meanings, court decisions in all cases, both civil and criminal, appear to agree that it denotes an act which is self-determined, voluntary, or intentional and it is used to distinguish an intentional act from an involuntary one.[2]

Because the missing element of an offense under § 700A

---

2. 21 Am. Jur. 2d, § 87; 45 Words and Phrases 360-365; *Rosenberg v. State*, 164 Md. 473, 476, 165 A. 306, 307; *Ewell v. State*, 207 Md. 288, 299, 114 A. 2d 66, 72.

cannot be supplied under the conceded facts, we shall reverse without a new trial. Thus, the remaining evidentiary, constitutional and *pro se* issues raised by the appellant in this appeal are not reached.

*Judgment reversed without a new trial.*