**STATE of Maine**

v.

**Richard FREITAS.**

Supreme Judicial Court of Maine.
Jan. 8, 1976.

Joseph M. Jabar, Dist. Atty., Robert Daviau, Asst. Dist. Atty., Augusta, for plaintiff.

Wathen & Wathen by Jessie H. Briggs, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM.

We have said repeatedly that after verdict of guilty in a criminal case when appeal is taken on the grounds that the jury's verdict is contrary to the weight of the evidence, the question for the reviewing court is whether, in view of all the evidence, the jury was warranted in believing beyond a reasonable doubt that the accused was guilty of the crime charged against him.

As a corollary to this rule, we have held that in determining the sufficiency of the evidence to warrant belief beyond a reasonable doubt, this Court in reviewing the record must have in its mind that it is for the jury to determine the credence to be given the witnesses and the weight to be given their testimony. *State v. Worrey,* Me., 322 A.2d 73 (1974); *State v. O'Clair,* Me., 292 A.2d 186 (1972); *State v. Trask,* Me., 223 A.2d 823 (1966).

A careful review of the record satisfies us there was sufficient evidence to warrant the jury's concluding beyond a reasonable doubt that this appellant was guilty of breaking and entering with intent to commit larceny. 17 M.R.S.A. 754.

We deny the appeal.

On February 26, 1975, Robert and Yvette Prudenzano were guests at the Hol-

iday Inn in Augusta. During a visit to the hotel lounge Mr. Prudenzano left his jacket, with the room key in his pocket, on a coatrack outside the lounge.

Upon leaving the lounge he discovered both the jacket and the key to their room were missing. After obtaining another key from the desk, the Prudenzanos were approaching their room when they saw a man exiting from the room. Upon reaching the room they found the door ajar and the television unbolted from the floor and lying on the bed.

Shortly thereafter there came a knock on the door. Upon opening it they discovered the same young man whom they had seen leaving the room as they approached.

The police were called and a search of the parking area was conducted. Defendant's car was located near the exit of the Inn. In the backseat of that car was the jacket identified by Mr. Prudenzano as his.

Two persons who were sitting in the car when the police discovered it, testified that they had driven to the Inn with the defendant in his car and that he had left them in the car while he returned inside the Inn.

Surely on this evidence the jury was justified in concluding beyond a reasonable doubt the appellant had stolen the jacket in the cloak room, used the key which he found in the jacket pocket and entered the Prudenzanos' room with burglarious intention.

The mere fact much of the evidence presented by the ·State was circumstantial does not compel the conclusion the jury erred in finding as it did. *State v. Stewart,* Me., 330 A.2d 800 (1975); *State v. Cloutier,* 134 Me. 269, 186 A. 604 (1936).

The entry must be,

Appeal denied.

All Justices concur.